## No. 11,793.

WILLIAMS *v.* DAVIS, ET AL.

Decided March 21, 1927.    Rehearing denied April 11, 1927.

· Action to quiet title.   Judgment for plaintiffs.

*Reversed.*

*On Application for Supersedeas.*

1.   EQUITY—*Maxims.*   He who seeks equity must do equity.   He who
comes into a court of equity must come with clean hands.

2.   QUIETING TITLE—*Equity.*   Defendant having acquired a lease and
option on land from a husband with the wife's knowledge, de-
manded that she join in the lease when he learned she had an
interest in the property.   She refused, and he thereupon filed with
the clerk and recorder a notice of his contract.   Held, under the
facts disclosed, that the husband and wife were not entitled to a
decree quieting title in them as against defendant.

*Error to the District Court of Jefferson County, Hon.
Samuel W. Johnson, Judge.*

Mr. CHARLES H. HAINES, for plaintiffs in error.

Mr. GEORGE B. CAMPBELL, for defendant in error.

*En Banc.*

MR. · JUSTICE DENISON delivered the opinion of the
court.

JAMES O. Davis and Julia V., his wife had a decree
against Williams quieting title to the N. E. ¼ of section
13, the south ½ of the S. E. ¼ of section 12, the N. W.
¼ of the S. E. ¼ of section 12, all of the S. W. ¼ of

section 12 and the S. W. ¼ of the N. W. ¼ of section 12, all in township 5 south, of range 71, Jefferson county. The complaint was to remove a cloud which consisted of a notice signed by Williams that he held a lease and option on the land. The term of the lease and the option had expired. Both parties ask for a final decision on motion for supersedeas.

The case was tried on an agreed statement of facts which in substance was as follows:

Mrs. Davis owned the N. E. ¼ of section 13 and Davis the rest of said land. November 10, 1919, both were ready and willing to sell all the property for $8,000, but the wife was unwilling to execute an option. The husband was willing, and knew that his wife was not, yet, in consideration of $350 paid him by Williams, he gave Williams a lease of the premises for three years, with option to purchase for $8,000. At this time Williams believed that Davis was the sole owner, and was wholly unaware that the wife had any interest, and would not have accepted the lease and option had he known of her interest. Mrs. Davis knew that her husband was about to execute said lease and option and knew its terms and knew that Williams did not know that she owned or claimed any interest in the premises, and although she frequently saw said Williams and talked with him while the negotiations were pending, she did not advise him of her claim or make any objection to the execution of the lease and option by Davis.

After the payment of the consideration Williams caused the title to be examined and then learned, for the first time, that Mrs. Davis had an interest. He then demanded that she join in the lease and option, but she refused to do it. He never took possession because he was unwilling to do so without Mrs. Davis's signature. He took the lease and option for the purpose of selling, which they knew, but he could do nothing with it without title.

On January 20, 1920, Williams filed with the clerk and recorder of Jefferson county a notice that he held this lease and option, describing the land. The notice is still on record and unreleased.

On or about July 30, 1926, Davis and his wife tendered to Williams for execution two quitclaim deeds releasing the lease and option and the sum of four dollars in payment of the cost of executing the quitclaim deeds, but Williams would not execute them. He has paid nothing but the $350. They then brought this suit.

It is claimed that there is misjoinder of plaintiffs and causes of action, but we do not need to determine that question. There are two elementary rules of equity, either of which defeats the plaintiffs' case. One is that he who seeks equity must do equity, yet the plaintiffs, holding the $350 which Davis got, with his wife's knowledge, without giving what he had agreed and pretended to give, ask equity to remove a cloud created because of his action. Of course equity will not remove it, and her position is no better than his. If the court were to grant any relief it should have required restitution and compensation. The other rule is that plaintiffs in equity must have clean hands, and plaintiffs in this case are asking relief from the consequences of their own wrong.

Supersedeas denied. The judgment is reversed with directions to dismiss the bill.

MR. JUSTICE SHEAFOR did not participate.