No. 11,736.

WHITE *v.* BAUGHER.

Decided June 13, 1927.

Action to rescind contract.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.  EVIDENCE—*Equity.*   In an action to rescind contract, evidence of defendant that plaintiff had made false representations in connection with the transaction held improperly excluded, because if plaintiff made them, he was not in court with clean hands and his bill should have been dismissed.

2.  EQUITY—*Clean Hands.*   The equitable rule as to clean hands is one of public policy for the protection of the integrity of the courts, not for a defense, and a party cannot waive it.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. H. E. LUTHE, Mr. P. M. KISTLER, for plaintiff in error.

Messrs. HILLYER & HILLYER, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

BAUGHER, plaintiff below, had judgment against White on trial to the court, and the latter brings error and moves for supersedeas.   The judgment must be reversed.

The action was to rescind a contract by which White had agreed to convey 160 acres of land to Baugher upon the transfer,. which Baugher had agreed to make, of the lease and furniture of a' rooming house in Denver known as the Lehigh Apartments, and further considerations not material. here.

The complaint charged false representations by White as to the amount of land under cultivation. The answer charged false representations by Baugher, including statements as to the quality of the furniture, and the income of the said apartments.

Upon trial the defendant offered to prove these charges, but the evidence was rejected by the court. The representations above specified were relevant, material and competent, whether other representations were or not, because, if the plaintiff made them and they were false, he was not in court with clean hands, and the court should have dismissed the bill. The evidence therefore should have been received. *Drake v. Gilpin Mining Co.,* 16 Colo. 231, 27 Pac. 708; *Williams v. Davis,* 81 Colo. 230, 254 Pac. 777; *Drovers Nat. Bank v. Denver Live Stock Exchange,* 74 Colo. 212, 220 Pac. 402; *Primeau v. Granfield,* 193 Fed. 911, 913, 914; s. c., 225 U. S. 708, 32 Sup. Ct. 839, 56 L. Ed. 1267; *Sovereign Camp Woodmen of the World v. Woodmen,* 73 Colo. 57, 213 Pac. 579.

It is claimed that the defendant, after he discovered the falsity of plaintiff's representations, ratified the contract. If that is true it is irrelevant to the present question, though it would be important if the defendant were seeking rescission. The rule as to "clean hands" is one of public policy for the protection of the integrity of the court, not for a defense. 21 C. J. 186; *Houtz v. Hellman,* 228 Mo. 655, 661, 128 S. W. 1001. A party cannot waive it. It has even been enforced between two parties because they have combined to defraud others, and in such case the parties have waived the maxim *in limine,* were

that possible.   *Primeau v. Granfield* and *Drovers National Bank v. Denver Live Stock Exchange, supra.*

Both parties ask us to determine the case on this motion for supersedeas.

The judgment is reversed and new trial granted.

Mr. Chief Justice Burke, Mr. Justice Whitford and Mr. Justice Sheafor concur.