## No. 12,384.

HINES *v.* BAKER ET AL.
(299 Pac. 5)

Decided May 11, 1931.

1

Mr. REES D. REES, Mr. C. E. WAMPLER, for plaintiff in error.

Mr. HAROLD G. KING, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

L. M. HINES received a sheriff's deed to real property in Denver. He thereupon sued Isabelle Baker, C. H. Baker and Frances Bacon to procure the cancellation, as fraudulent, of certain deeds to the property; namely, a deed from Isabelle Baker to C. H. Baker and a deed from C. H. Baker to Frances Bacon. C. H. Baker filed a counterclaim to quiet title in himself. The court rendered judgment dismissing plaintiff's complaint and quieting title in C. H. Baker.

The property described in the several deeds consists of a house and two lots, the residence of the two Bakers,

who are husband and wife. Frances Bacon was the name of Isabelle Baker before her marriage to Baker.

On July 9, 1924, Mrs. Baker gave to Hines and Regnier her promissory note for $192. On July 25 one Salzer deeded the property to her. On May 14, 1925, she deeded the property to her husband, C. H. Baker. On December 15, Hines and Regnier sued on the promissory note, and on February 19, 1926, obtained judgment for $115 and costs. On February 9, 1927, the sheriff levied execution on the property as the property of Mrs. Baker, and on May 2, sold it to Hines and Regnier for the amount of their judgment and costs and expenses. On May 19, Regnier assigned his interest in the certificate of purchase to Hines. On December 1, Baker deeded the property to his wife under her former name, Frances Bacon, and on December 21 Frances Bacon re-deeded it to Baker. On March 8, 1928, Hines received the sheriff's deed to the property, and on the same day he commenced this suit.

■ 1. The transaction whereby the property purchased with the money of Baker was conveyed to his wife is presumed to have been a gift or an advancement. *Cortez L. & S. Co. v. Stabler,* 84 Colo. 64, 268 Pac. 526; *Foster v. Berrier,* 39 Colo. 398, 89 Pac. 787; *Rowe v. Johnson,* 33 Colo. 469, 81 Pac. 268; *Doll v. Gifford,* 13 Colo. App. 67, 56 Pac. 676. Such presumption may be rebutted by competent evidence.

■ 2. Baker claims that no gift or advancement was intended, and that, as the property was purchased with his money, a resulting trust arose in his favor. If that claim is supported by the evidence, the judgment should be affirmed.

3. The claim that there was a resulting trust, to prevail, must be established by evidence that is strong and convincing. See cases cited supra.

■■ 4. The trial court is the judge, not only of the credibility of witnesses and of the weight of the evidence, but also of the inferences properly deducible from the facts and circumstances proven at the trial. On review,

4

the record is viewed in the light most favorable to the party successful in the trial court, and every inference fairly deducible from the evidence is drawn in favor of the judgment. *Roberts v. Dietz,* 88 Colo. 594, 298 Pac. 1062, just decided; *Gwynn v. Butler,* 17 Colo. 114, 28 Pac. 466; *Reahard v. Miller,* 66 Colo. 80, 179 Pac. 157; *McDermott v. Lingquist,* 66 Colo. 88, 89, 179 Pac. 147; *Carper v. Frost Oil Co.,* 72 Colo. 345, 211 Pac. 370.

The purchase price for the lots was paid by Baker with money that he had earned in the practice of chiropractic. After purchasing the lots, he built a house upon them, paying therefor with his own money. The property cost him approximately $6,000. There was a mortgage for $3,000 upon the property. Mrs. Baker had no money. She deeded the property to her husband without any consideration. It does not appear that she owed anyone at the time, except Hines and Regnier, who held her note.

The note was given as part purchase price of an oil and gas prospecting permit purchased by Mrs. Baker from Hines and Regnier. Hines testified that at the time of the purchase Baker told him that Mrs. Baker owned the property—that it was in his wife's name. Baker denied that there was any such conversation, and the undisputed evidence is that the deed from Salzer to Mrs. Baker was not given until after she had incurred the indebtedness to Hines and Regnier.

Baker testified that he and his wife, who helped him in his office, wanted a home; that they looked at lots; that she was "apparently doing the most of it"; that the lots were purchased by him; that a contractor got his wife interested in building a house; that Baker built the house because his wife wanted a home; that "she was really the interested party; I was the fellow that agreed to it"; that he agreed to it "to satisfy a woman's desire"; that "it seems to be almost every woman's desire to own a home"; that he had not given any instructions as to who should be named as grantee in the deed from Salzer; that he "never thought of it; this never came up"; that he

was busy; that eventually it was discovered that the deed was to his wife instead of to himself; that while he had no doubt of his wife, "as a matter of family affairs" he wanted the property in his own name; and that she deeded the property to him.

Mrs. Baker testified as follows: "I had always wanted a home, and there was a contractor came into the office with plans and specifications, and doctor was busy, and he talked to me about it, and after he went out he was in several different times, and I talked to doctor about it, and he wasn't very much interested; but I had never liked being in the office continually and had always wanted somebody to build me a home, and I had always said, maybe some time he would; so finally he consented for me to look at lots. He said he didn't have time; if I would go out with the contractor and look at different lots, then when I found something that I really liked, he would go along at times when making calls or something, and he would look at them and decide what we wanted to do; so the contractor took me around different places in town, and I finally decided I liked the lots out on Monaco best, and those were the ones we finally decided upon." She further testified that there was nothing said between her and Salzer about the deed; that she does not remember the delivery of the deed; that she did not give Salzer any instructions as to how the deed was to be made; that she does not know how it happened that the deed was made to her rather than to her husband; that there was no understanding with her husband that title should be taken in her name; that when it was noticed that the deed named her as grantee, her husband made the remark that he was building the house and that it was proper that the deed should be in his name; that she never said anything about it because she was not interested; that he asked her to sign the deed to him, and she signed it; that her husband had always wanted the property in his name; that she just did what he asked her to do because she felt that he built the house; that she thought nothing

6

about it; that she had a home to live in and was not interested in anything else; that her husband drew the plans for the house, and paid for the lots and the house with his own money.

■ Mrs. Baker's deed to her husband, made May 14, 1925, was not recorded until February 19, 1926, the day Hines and Regnier obtained judgment against Mrs. Baker. This circumstance required explanation, for if Baker deliberately withheld the deed from record it was a badge of fraud. *Stock-Growers' Bank v. Newton*, 13 Colo. 245, 22 Pac. 444. Baker testified that he had no idea who had the deed recorded, or how it happened to be recorded on that day; that part of the time the deed was in his possession and part of the time it was not; that "my papers are all there in a big brown envelope, everything pertaining to it, just like building my home, and I have every receipt of importance and such as that, but if Morrow [his lawyer] had come in and asked me for something like that, I would give it to him." Again: "It may have been in Morrow's possession * * *. As he came in and asked for papers, I gave them to him." Mrs. Baker testified that she knows nothing about the recording of the deed; that she gave the deed and never saw anything more of it.

Another transaction to which counsel for Hines point as indicating fraud in the original transaction occurred nearly ten months after the execution levy. On December 1, 1927, Baker deeded the property to his wife, using her former name, Frances Bacon, and giving her address as San Antonio, Texas. The deed was recorded December 20. On December 21 she re-deeded to her husband, giving her residence as San Antonio, Texas. The deed was recorded October 15, 1928, nearly seven months after this suit was commenced. Baker explained the matter by saying that he had seen examples of what took place in case of accidental death where there were no proper wills; that he consulted Mr. Morrow, his attorney, as to how he could put the property so that in case of acci-

dental death Mrs. Baker could come into the property without litigation; that Morrow advised him to convey to some third person, who then could convey to Baker and his wife jointly, thereby creating a joint tenancy; that pursuant to such advice, Baker deeded the property to Frances Bacon; that thereafter the plan was abandoned and she reconveyed to him. Mrs. Baker testified that it was on the advice of the attorney that they used her former name, Frances Bacon.

. All of these matters were considered by the trial court. The judge saw the witnesses and heard them testify. He observed their appearance and demeanor upon the witness stand, and could judge whether, in giving their testimony, they were frank and straightforward, or otherwise. With these advantages, the court found, in effect, that the presumption that there was a gift or advancement to Mrs. Baker was rebutted by sufficient evidence, that the evidence established a resulting trust in favor of Baker, and that neither Mrs. Baker's conveyance to her husband nor Baker's conveyance to Frances Bacon was fraudulent. We cannot say that the findings were unsupported by the evidence.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.