No. 15,213.

Rhine *v.* Terry, Receiver.
(143 P. [2d] 684)

Decided November 15, 1943.

Mr. PHILIP HORNBEIN, Mr. J. H. BOUTCHER, for plaintiff in error.

Mr. J. F. LITTLE, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE parties to this litigation appear here in the same relative position as in the district court, where plaintiff sought a declaratory judgment adjudicating that defendant held the legal title to certain mining property as security for a loan made to plaintiff by the predecessors in title of defendant, rather than in fee simple as it was alleged defendant claimed. Answering, defendant denied that his title was otherwise than absolute, and by special defenses alleged, in effect, that during the period involved plaintiff never had more than an option to purchase from defendant's predeces-

sors, which had both lapsed and been waived; that defendant was compelled to buy the property to avoid the consequences of plaintiff's fraudulent actions, and that such conduct, coupled with the latter's false representations, estopped him from answering that defendant held title merely as security for a loan. In his answer defendant prayed that plaintiff take nothing by his complaint, for costs and general relief. Trial was had to the court, without the intervention of a jury. Upon the conclusion of plaintiff's case the court sustained defendant's motion for a nonsuit upon the ground that plaintiff had not come into court with clean hands. This proceeding in error is directed to the perfunctory judgment of dismissal which followed.

The record considered, and notwithstanding that the briefs of the parties largely are devoted to a discussion of the quality of defendant's title, it is obvious that the sole and controlling question for our determination on review pertains to the propriety of shutting the doors of the court against plaintiff under the clean-hands maxim.

The cardinal maxim that "he who comes into a court of equity must come with clean hands," simply means that equity refuses to lend its aid in any manner to one seeking its active interposition who has been guilty of fraudulent or unconscionable conduct in the matter with relation to which he seeks relief. Consistently the courts deny affirmative relief for such conduct, even though thereby there are left undisturbed and in ostensible full legal effect relationships which might be set aside but for such conditions. See, 30 C.J.S., p. 475, §§93, et seq., and 19 Am. Jur., p. 323, §§469-479. "The rule as to 'clean hands' is one of public policy for the protection of the integrity of the court, not for a defense." *White v. Baugher*, 82 Colo. 75, 256 Pac. 1092. The misconduct must relate directly to the transaction concerning which complaint is made or which is the subject matter in litigation. *Drovers Nat. Bank v. Denver Live Stock Exchange*, 74 Colo. 212, 220 Pac. 402.

As the basis for applying the maxim the trial court expressed: "One of the material defects in the plaintiff's position in this case is that he fails to come into court with clean hands.

"The entire history of his transactions with the property involved herein shows that whenever and wherever an occasion arose in which ownership in him would involve a burden, he stoutly maintains that the property involved belonged to someone else, and whenever there might have been a benefit to be derived from the property he equally stoutly maintains that the property was, and is his, and as a result thereof he attempts to maintain the property free from encumbrances of ownership when dealing with third persons. His dealings with the Colorado Equipment Company, when it was to his benefit, was on the basis that the management or disposition of the property was under his control. When it was to his detriment he maintains that it was Ginsberg's. As a result thereof, the Colorado Equipment Company was compelled, upon his representations and conduct, to buy the purported quitclaim deeds from Ginsberg.

"Property—real estate—must belong to someone, and a court of equity cannot be used to allow one to perpetrate a fraud upon his creditors, and those who do business with him, keeping the property free and clear where benefits are concerned, and disclaiming ownership where its burdens are concerned. That this has been a constant course or scheme becomes apparent when we take into consideration that even today the property again stands in the name of an outsider, with a deal back. And again this property is placed in the position where it is free from access by a creditor, and yet may be utilized, should the plaintiff desire, for his benefit.

"It seems to the Court that the plaintiff has created a scheme and condition in which he has estopped himself from asking relief in equity. And with that thought

in mind, the Court will grant the motion for nonsuit."

The record discloses that the foregoing conclusions find support in plaintiff's own evidence. In these circumstances we are unwilling to say that the court erred in dismissing the action. The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG dissents.

MR. JUSTICE GOUDY did not participate.