# No. 17,941.

## EUNICE G. SHORES, ET AL, *v.* GAIL C. SHORES.
### (303 P. [2d] 689)

Decided November 19, 1956.

Mr. CLIFFORD J. GOBBLE, for plaintiffs in error.

Mr. DOUGLAS J. MALONE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties here occupy the same positions as in the trial court. We shall refer to the plaintiffs in error as plaintiffs, or by name, and defendant in error as defendant, or by name. Eunice G. Shores is the daughter of defendant and his estranged wife, Fern E. Shores. In September, 1953, Eunice and her mother instituted the instant action to recover possession of a parcel of land and the improvements thereon from defendant. Issue was joined on the complaint and by way of counterclaim Gail C. Shores sought to have the rights and titles of the parties determined. Trial was to the court and resulted in findings and judgment in favor of defendant, and plaintiffs bring the case here on writ of error.

The record discloses that in 1947 defendant purchased the property in question for approximately $2,400 and had the title placed in the name of his daughter Eunice. At the time of purchase the land was unimproved except for certain chicken houses located thereon. Defendant went into possession immediately and thereafter expended some $17,250 for improvements consisting of apartment units and other structures, from which he has and continues to collect the rents. After the deed to Eunice was recorded and mailed to her by the Clerk and Recorder, defendant went to her and received the deed, which he retained to the time of trial. In April, 1949, Eunice executed a joint tenancy deed to herself and her mother, Fern E. Shores. It is admitted that plaintiffs did not exercise any control, management, or dominion over the property, neither did either of them contribute any-

thing to the initial purchase price or the cost of the improvements. Defendant paid all taxes on the property, save for the years 1950 and 1951.

For reversal it is contended by counsel for plaintiffs that the trial court erred in ruling that there was no gift to Eunice in 1947 when the deed was made in her name and that the defendant is estopped to claim title to the property because he does not come into equity with clean hands.

██ When title to property is taken in the name of a wife or child by one furnishing the purchase money who is under some natural, moral or legal obligation to provide, a presumption arises that it was intended as a gift and not as a trust. However, this presumption is not a conclusive one and may be rebutted. *Heinze v. Baker,* 89 Colo. 1, 299 Pac. 5. In the instant case there was no moral or legal obligation on the part of defendant toward his daughter, who at the time of the conveyance was an employed adult. Moreover the record discloses that other transactions of a similar nature had taken place in Kimball, Nebraska, where the parties formerly resided. There defendant had taken title in the name of his daughter and when he was ready to sell it he presented deeds for her signature and she promptly and willingly executed them. The presumption of a gift does not arise unless there is a delivery of the property, or unless, in case of a gift of lands, it is followed by actual unequivocal possession. *Wiener v. Stephani,* 45 Mo. 565; *Tippenhauer v. Tippenhauer,* 158 Ky. 639, 166 S.W. 225.

██ The trial court in the instant case determined that the circumstances disclosed by the evidence in this case excluded the theory of a gift. The record amply supports this conclusion. Neither of the plaintiffs ever took possession of the property. The elements of a valid gift are announced in *Thomas v. Thomas,* 70 Colo. 29, 197 Pac. 243, as: 1. A clear and unmistakable intention to make a gift, and 2. The consummation of such inten-

tion by those acts which the law requires to divest the donor and invest the donee with the right of property.

We quote from *Falbo v. United States National Bank as Executor,* 116 Colo. 508, 181 P. (2d) 1020.

"We have many times held that the essential requirements of a gift inter vivos are a clear and unmistakable intention to make the gift, and the consummation of such intention by those acts which the law requires to divest the donor of, and invest the donee with, the right to the property, and that there must be a complete parting of possession and surrender by the donor of all control and dominion over the same. *Thomas v. Thomas,* 70 Colo. 29, 197 P. 243; *Hardy v. Carrington,* 87 Colo. 461, 288 P. 620; *Slagle v. Construction Progress Exposition,* 100 Colo. 548, 160 P. (2d) 386; *Johnson v. Hilliard,* 113 Colo. 548, 160 P. (2d) 386; *Nelson v. Spotts,* 114 Colo. 72, 162 P. (2d) 224.

"In *Johnson v. Hilliard,* supra, we said: 'The surrended of the dominion or control, in order to effect a valid gift inter vivos, includes the parting of possession and relinquishment of all control, both present and future, of the property to the extent that it is beyond the power of the donor to recall it. The surrender of control and dominion must be such that if the donor resumes control of the property without the consent of the donee, he will become a trespasser and liable to the donee as such. 38 C.J.S. p. 799, §2, 24 Am. Jur. p. 741, §22.' "

■ It is contended by counsel for plaintiff that Gail C. Shores is estopped to claim title to the property because in 1952 he was adjudged a voluntary bankrupt and did not list the property in question as a part of his assets in the bankruptcy proceeding. It is also asserted that defendant does not come into court "with clean hands," and that *Rhine v. Terry, Receiver,* 111 Colo. 506, 143 P. (2d) 684 states a rule applicable in the instant case. Not so. In that case Rhine sought a declaratory judgment that the legal title to certain mining property was in the defendant receiver, which title Rhine claimed

was merely security for a loan. We there said that the "clean hands" maxim "simply means that equity refuses to lend its aid in any manner to one seeking its active interposition who had been guilty of fraudulent or unconscionable conduct in the matter with relation to which he seeks relief. Consequently the courts deny affirmative relief for such conduct, even though thereby there are left undisturbed and in ostensible full legal effect relationships which might be set aside but for such conditions. * * *"

■ " 'The rule as to 'clean hands' is one of public policy for the protection of the integrity of the court, not for a defense.' *White v. Baugher,* 82 Colo. 75, 256 Pac. 1092."

We also quoted from the findings and conclusions of the trial judge in the Rhine case as follows: "The entire history of his [Rhine's] transactions with the property involved herein shows that whenever and wherever an occasion arose in which ownership in him would involve a burden, he stoutly maintains that the property involved belonged to someone else, and whenever there might have been a benefit to be derived from the property he equally stoutly maintains that the property was, and is his, and as a result thereof he attempts to maintain the property free from encumbrances of ownership when dealing with third persons. His dealings with the Colorado Equipment Company, when it was to his benefit, was on the basis that the management or disposition of the property was under his control. When it was to his detriment he maintains that it was Ginsberg's. As a result thereof, the Colorado Equipment Company was compelled, upon his representations and conduct, to buy the purported quitclaim deeds from Ginsberg." The situation in the Rhine case was entirely different from the factual situation in the instant action.

Plaintiffs are in no position to invoke the "clean hands" maxim. Neither of them are creditors of defendant, and their rights have not been prejudiced by

anything defendant did or did not do in connection with the subject property.

We are of the opinion that plaintiffs cannot rely on the "clean hands" maxim in this action. The property which gave rise to this unfortunate litigation between members of the Shores family is and always was the property of Gail C. Shores.

The findings and conclusions of the trial court are supported by competent evidence in the record before us. The judgment is therefore affirmed.

Mr. Chief Justice Alter dissents.