No. 17,948.

OTTO BUSHNER v. BEN BUSHNER.
(307 P. [2d] 204)

Decided February 11, 1957. Rehearing denied March 18, 1957.

510

Messrs. SANDHOUSE & SANDHOUSE, for plaintiff in error.

Messrs. ALLEN AND ALLEN, for defendant in error.

*In Department.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error Otto Bushner was plaintiff in the trial court. He brought a suit in equity against his brother, Ben Bushner, to compel him to reconvey an undivided one half interest in lands described in the complaint; alleging that the defendant, although the record owner of the property, held a one half interest in

trust under a promise to reconvey to plaintiff upon request. We will refer to the parties as they appeared in the trial court or by given name.

Otto alleged in his complaint that he made the conveyance to his brother, Ben, in 1933 relying upon the confidential relationship of the parties; that there was an oral trust arrangement under which his brother, Ben, agreed to accept the conveyance, hold it for Otto, and to reconvey a one half interest upon Otto's request; that there was no consideration for the conveyance; that Ben acknowledged the ownership of his brother up to the year 1952 by making an annual accounting, from 1947 to 1951, to Otto of one half interest in the proceeds of the crops grown on the land; that in 1952 Ben refused to make further accounting and upon demand refused to reconvey in accordance with the agreement between the brothers. The defendant Ben denied the contentions of Otto and alleged affirmatively that the land was conveyed to him in the year 1933 for a valuable consideration and that since said date the defendant has had full control of the land; that plaintiff has no real title or interest of any kind therein. Defendant also sought dismissal of the action on affirmative pleas of the Statute of Limitations and the bar of the Statute of Frauds. Trial was to the court without a jury. Upon the entry of judgment in favor of defendant and against plaintiff decreeing title to the whole of the property in defendant, plaintiff brings the case here by writ of error.

The trial court, at the conclusion of all of the evidence, made twelve specific findings of fact. The findings of the trial court support every material allegation of plaintiff's complaint. It found that during the years 1919 to 1921 the brothers acquired the property as tenants in common; that in 1928 the defendant Ben, because of some marital difficulties with his wife, conveyed the property to Otto under an agreement that Otto would hold the property in trust for Ben and reconvey upon request; that in 1933 plaintiff Otto was having marital

difficulties with his wife and conveyed the property to Ben; that there was no consideration; that defendant agreed to hold an undivided interest in the real estate for Otto's benefit and reconvey the same to Otto "at some future date"; that the property was grazing land until 1945 when the defendant caused the land to be broken and fenced and rented to be farmed on crop shares; that defendant was reimbursed for this expense from the landlord's share of the rentals and the harvest in 1946 and 1947; that the defendant accounted to the plaintiff for the net one half of the landlord's share of the crop for the years 1948, 1949, 1950 and 1951, and that thereafter the defendant made no accounting to the plaintiff for his portion of the crops; that in 1952 plaintiff requested an accounting for his portion of the crop, and upon defendant's refusal demanded conveyance to him of his undivided one half interest in the real estate; that the defendant refused to convey. The court further found that at other times between 1935 and 1952 plaintiff had requested that defendant convey to him his share of the land; that although defendant did not directly refuse to make such conveyance he, in fact, did not. The trial court thereupon entered two conclusions of law:

"1. That the plaintiff conveyed the real estate described above to the defendant for the purpose of placing the title to said real estate out of reach of the plaintiffs wife, with whom he was having marital difficulties at the time of such conveyance, and the said conveyance being for an illegal purpose, plaintiff is not entitled to relief therefrom by this Court.

"2. That the parties to this action are in pari delicto and the law will aid neither. The Court is obliged to leave the parties where he found them."

The plaintiff in error has adopted the findings of fact of the trial court and alleges no error in that respect. The plaintiff does contend, however, that the court erred in the conclusions of law. The defendant in error has not challenged the findings of the trial court nor the

conclusions of law. Defendant sets up as cross errors the failure of the court to dismiss the complaint on the affirmative defenses of the Statute of Limitations, C.R.S. '53, 118-7-6, and the Statute of Frauds, C.R.S. '53, 59-1-6, 59-1-8.

Questions to be Determined.

First: *Did the court err in stating as a conclusion of law that the plaintiff conveyed the real estate to the defendant for an illegal purpose?*

This question is answered in the affirmative. The court did not make any finding of fact that the conveyance was for an illegal purpose. The only mention of the purpose of the conveyance is to be found in the finding of the trial court numbered 4 wherein the court stated, "the plaintiff was having some marital difficulties with his wife." A search of the record discloses that there was no evidence to support the conclusion of law by the court "that the plaintiff intended to place the property out of the reach of his wife." This is no evidence that the parties were ever divorced or that the wife ever instituted any legal proceedings in an attempt to have a judicial declaration of her interest in the property; nor is there any evidence of any decree of separate maintenance or division of property; there was no evidence of any change in the marital status of the plaintiff and his wife. The only testimony on the point is the single question asked by plaintiff's counsel: "Q. Now, Mr. Bushner, in 1933 were you having marital difficulties with your wife? A. Yes, sir."

The matter was not inquired into on cross examination by defendant's counsel. In the absence of evidence that the plaintiff intended to defraud his wife or did in fact defraud her, there was nothing illegal about the conveyance. A husband can own property and convey the same, and there is no presumption of illegality or of fraud upon a wife. In *Ellis v. Jones*, 73 Colo. 516, 216 Pac. 257, we said:

"It is suggested in the cases cited above that if the

deed of one spouse is fraudulent as against the other it is invalid, but no case makes it clear what constitutes fraud in such a case. There can be no fraud in doing a lawful thing. If, therefore, one spouse may lawfully give away his or her property, as all agree either of them may, such gift is not fraudulent *per se,* and the fact that it deprives the other of his or her inheritance therein, since, of course, it always does and must do so, cannot make it fraudulent. How can one fraudulently deprive another of that of which he may lawfully deprive him? * * * "

See also: *Bostron v. Bostron,* 128 Colo. 535, 265 P. (2d) 230; *Thuet v. Thuet,* 128 Colo. 54, 260 P. (2d) 604.

Second: *Did the court err in the conclusion "that the parties to this action are in pari delicto and that the court will aid neither"?*

▆▆ The question is answered also in the affirmative. Again there was no evidence in the record, nor any findings of fact by the trial court to support the second conclusion of law. The term "pari delicto" in equity must refer to fraud or inequitable conduct on the part of *each* of the parties to the transaction. (Emphasis supplied.) In his brief counsel for defendant admits, "that there is no evidence of any fraudulent scheme on the part of this defendant." The record bears this out. The issues raised by the pleadings and evidence of the defendant were: That he claimed the property by reason of purchase for full and adequate consideration and complete possession, occupancy and use of the property from the date of the conveyance and denial of any interest of the plaintiff therein. Defendant introduced evidence purporting to support his allegation of valuable consideration and complete ownership. In his findings the court did not adopt the theory of the defendant. The findings are contrary to the allegations in the answer. There is no evidence of record that plaintiff or defendant were attempting to delay, defraud or hinder creditors, nor is there any evidence that conveyance of the property was

a fraud upon the defendant or by both parties upon any third person. The parties were not in pari delicto.

█ Counsel for defendant has devoted a considerable portion of his brief and argument to certain documentary evidence in the trial court that Otto, in 1935, signed a schedule in bankruptcy in which he failed to list any interest in any real estate, including the parcel here in dispute. It is to be noted that the court admitted this evidence for a limited purpose — impeachment. The evidence, therefore, was before the court only on the question of credibility of the witness. In entering findings supporting all of the material allegations of the plaintiff's complaint, the court resolved the matter of credibility in favor of the plaintiff. Counsel for defendant urge that the evidence of the conduct of the plaintiff in the bankruptcy proceedings would bring before the court the doctrine of "clean hands." In a similar case, *Shores v. Shores,* 134 Colo. 319, 303 P. (2d) 689, we disposed of a similar contention. In the Shores case Gail C. Shores, as in the case here, sought to have his right and title to certain property determined. He prayed for relief in equity by way of a counter claim against his daughter and estranged wife. As a defense to the counter claim counsel for the daughter and wife contended that Gail Shores was estopped to claim title to the property "because in 1952 he was adjudged a voluntary bankrupt and did not list the property in question as part of his assets in the bankruptcy proceedings." Thus it was asserted he did not come into court with "clean hands." Citing *Rhine v. Terry, Receiver,* 111 Colo. 506, 143 P. (2d) 689, Mr. Justice Knauss said:

"We there said that the 'clean hands' maxim 'simply means that equity refused to lend its aid in any manner to one seeking its active interposition who had been guilty of fraudulent or unconscionable conduct in *the matter with relation to which he seeks relief.* Consequently the courts deny affirmative relief for such conduct, even though thereby there are left undisturbed

and in ostensible full legal effect relationships which might be set aside but for such conditions. * * *

" 'The rule as to "clean hands" is one of public policy for the protection of the integrity of the court, not for a defense." *White v. Baugher,* 82 Colo. 75, 256 Pac. 1092.' "

* * *

"Plaintiffs [meaning Mrs. Shores and her daughter] are in no position to invoke the 'clean hands' maxim. *Neither of them are creditors of defendant, and their rights have not been prejudiced by anything defendant did or did not do in connection with the subject property."* (Emphasis supplied.)

Applying the language of the Shores case and the law therein to the instant case, defendant Ben was not a creditor of his brother, Otto, and his rights were not prejudiced by anything that Otto did or did not do in connection with property he seeks to be restored to him.

The defendant urges upon this court that even though we should find that the trial court erred in his conclusions of law we should sustain the judgment on the defenses of the Statute of Limitations and the Statute of Frauds. Both of these defenses involve questions of fact as well as law. The findings of the trial court on the facts are also conclusively against the defendant as to both defenses. The trial court found that there was no direct refusal upon the part of the defendant to reconvey the property until 1952. The court further found that the defendant made annual accounting and paid over one half of the net profits to the plaintiff for the years 1948, 1949, 1950 and 1951. The profits for the years 1946 and 1947 were retained by the defendant to reimburse him for his expenses in breaking up the land and fencing it. Prior to that time there was no income from the property. In effect the court found that the defendant was executing the agreement with Otto by making an accounting of the profits. There was no reason for Otto to press the matter of conveyance. An actual conveyance of the property during any of the years prior to

1952 would have given him no more than he was receiving anyway except a record interest. The fact that Ben did not convey was not prejudicial to Otto in those early years. The Statute of Limitations did not begin to run until refusal to make accounting or to convey the property in 1952. The plaintiff instituted this suit almost immediately thereafter. The Statute of Limitations does not apply.

█ The findings by the trial court also established that there was a confidential relationship between the parties. The court found on disputed evidence of written memoranda that there had been an accounting between the parties when Ben paid over half the profits. The annual accounting by the defendant in the years mentioned was a voluntary execution by Ben of the trust. This was in effect a finding on the part of the trial court that there had been such *partial performance* of the contract as would take the contract from under the statute. While it is true that the court did not enter any conclusion of law ruling on either defense, his denial of the motion to dismiss the complaint made both at the close of plaintiff's case and after defendant had rested, and his decision on the merits was in effect a finding and conclusion of law that the plaintiff had produced evidence sufficient to overcome the bar of the Statute of Frauds.

The judgment of the trial court is reversed with direction to enter jugment in favor of the plaintiff and to direct the defendant to make a conveyance of an undivided one half interest in the property as described in the complaint, and that upon failure of the defendant to comply with the order of the court that the court appoint the clerk of the District Court of Kiowa County, Colorado, to make such conveyance to Otto Bushner for and on behalf of the defendant Ben Bushner.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE SUTTON concur.