No. 21673.

LEONA EASTER MCCANN *v.* ELVA JACKSON AND JEWELL JAMES KING.
(429 P.2d 265)

Decided June 26, 1967.

ROBERT C. DUTHIE, FRANK J. ANESI, for plaintiff in error.

McKELVEY and McKELVEY, for defendants in error.

*In Department.*

Opinion by JOHN N. MABRY.*

PLAINTIFF, Leona McCann, filed a complaint below in which she charged that her sister Elva Jackson had persuaded her to transfer title to her real estate to Elva in trust for Leona in order to place the property beyond the reach of Leona's husband during a prospective divorce action; and further, that Elva had promised that when the marital affairs of the McCann family were stabilized she would reconvey the real estate to Leona, but that Elva, upon request, has refused to re-convey the realty in question.

By her complaint Leona sought an accounting, a restraining order, the imposition of a constructive trust and a quiet title decree against Elva Jackson and one Jewell James King, whose name also was inserted in the blank deed of conveyance signed by Leona, apparently without King's knowledge.

The defendants filed a motion to dismiss the

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

action. The motion set out several alleged weaknesses in the complaint, but the "clean hands" doctrine was not one of them.

Upon conclusion of the arguments on the motion to dismiss, the trial court granted the motion on the basis that "the Complaint fails to state a claim against these defendants upon which relief can be granted," and this, in turn, was bottomed upon the principle that "affirmative relief will be denied one who does not come into a court of equity with clean hands." Upon a rehearing of the order dismissing the case, the plaintiff having elected not to amend her complaint, the court affirmed its prior order and entered judgment of dismissal in favor of the defendants.

▇▇ The principle expressed in the equitable maxim of clean hands is one of the most ancient and venerated principles of equity jurisprudence. The concept was founded on considerations of public policy, good conscience, and also for the protection of the integrity of the courts.

▇▇ The issue here is whether from the pleadings alone a finding of "unclean hands" can be sustained in this case. We have examined the authorities cited, and other authorities. The answer to such question is indicated in *Bushner v. Bushner*, 134 Colo. 509, 307 P.2d 204; *Rhine v. Terry*, 111 Colo. 506, 143 P.2d 684, and other sources.

▇▇ We hold that whether the clean hands doctrine is applicable here, is a question of fact to be determined upon an evidentiary hearing. The rule seems to be general and is stated in 30 C.J.S. *Equity* § 93, as follows:

"Whether parties are within the application of the maxim is primarily a question of fact, and the court, on any suggestion that a plaintiff has not acted in good faith concerning matters on which he bases his suit, must inquire into the facts in that respect. There must be some evidence to justify the application of the doctrine by the court, and it should not be applied unless the

person against whom it is sought to be applied was apprised of the claim of unclean hands and afforded an opportunity to present such evidence as might bear on that issue."

The judgment is reversed and the cause remanded for further proceedings consonant with the views herein expressed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.