No. 22523.

ENDA MILLS KILEY ALSO KNOWN AS ENDA MILLS *v*. THE FIRST NATIONAL BANK OF DENVER, EXECUTOR OF THE ESTATE OF ESTHER B. MILLS, ALSO KNOWN AS ESTHER BURNELL MILLS, DECEASED.

(459 P.2d 280)

Decided October 6, 1969.

146

ROBERT H. KILEY, for plaintiff in error.

SHIVERS & BANTA, M. O. SHIVERS, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE plaintiff in error (hereinafter referred to as the plaintiff) filed a claim in the estate of Esther B. Mills, her mother, who died testate on April 1, 1964. The claim was filed on November 10, 1966 and asserted a one-half interest in certain real property included in the estate

of the deceased by her will. The property in question had been inherited jointly by the plaintiff and her mother from the estate of plaintiff's father. The plaintiff executed a deed purporting to convey her interest in this property to Esther Mills by warranty deed on November 7, 1944, and the deed was recorded by Mrs. Mills on April 5, 1945. The rights of the plaintiff in the property, as set forth by the claim, are based on an alleged trust imposed on the property at the time of the transfer.

█ A hearing on plaintiff's claim was held on May 19, 1966. At the start of that proceeding and before any evidence had been heard, counsel for the executor moved for a denial of the claim and for an order striking it from the file on the grounds that such claim was barred by either the Statute of Frauds, C.R.S. 1963, 59-1-6, or the Statute of Limitations, C.R.S. 1963, 118-7-1. The court questioned the counsel for the plaintiff on the nature of plaintiff's case and concluded that the claim was one within the purview of C.R.S. 1963, 118-7-1 and was barred by the running of that statute. We find that the conclusion of the trial judge, made before the plaintiff had the opportunity to put on any evidence, was premature and constituted error, and we reverse and remand this action to the trial court.

█ In response to questions by the trial judge, counsel for the plaintiff attempted to express the theory upon which the claim was based. A fair interpretation of the record is that counsel was unsure on what grounds he would proceed. In an action under C.R.S. 1963, 153-12-5, which provides for hearings on claims filed in estates, there are no formal pleadings and the issues are formed at the hearing. As a general rule the plaintiff is permitted to produce his evidence, and if it develops that he has established one ground for his claim rather than another, he can amend his theory of the case to conform with the issues raised by the testimony.

But, in the present case, the trial judge concluded that the action was barred by the Statute of Limitations

without the benefit of any testimony. In order to do so, he had to make certain conclusions concerning the nature of the claim. All he had to guide him were the general allegations in the claim that the plaintiff was contending that her interest in the real property was conveyed to her mother for the purpose of being held in trust by the mother for the plaintiff.

It was the plaintiff's theory that her mother was to hold the plaintiff's one-half interest in the property in trust and that a deed in blank to her mother for her one-half interest was made for the convenience of the parties in disposing of the property while the plaintiff was away. The mother used the deed to convey the property to herself. Thereafter, it is contended, the mother, upon sale of portions of the property, made payment to the plaintiff for her one-half. Under such circumstances, if proved, the mere recording of the deed by the mother did not necessarily begin the running of the Statute of Limitations for the recording was an act not in repudiation of the agreement but in furtherance of it. It was therefore necessary for the trial judge to determine from facts not before him as part of the record when the trust was repudiated and the running of the statute commenced. Apposite to the case at bar is *Bushner v. Bushner*, 134 Colo. 509, 307 P.2d 204. If there was a trust here — and that is a matter which must be determined by the facts — then the plaintiff was entitled to present evidence to the court to determine when the trust was repudiated and the Statute of Limitations began to run.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.