**DRYWALL TAPERS AND POINTERS OF GREATER NEW YORK, LOCAL 1974 OF I.B.P.A.T., AFL–CIO, on its own behalf and on behalf of all persons who are or at any time since March 1, 1978 have been members thereof, and John Alfarone, as President, and Daniel Jones, as Treasurer of Drywall Tapers and Pointers of Greater New York, Local 1974 of I.B.P.A.T., AFL–CIO, Plaintiffs,**

v.

**LOCAL 530 OF OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION, and Michael Canuso, as President and Louis D. Moscatiello, as Secretary-Treasurer of Local 530 of Operative Plasterers and Cement Masons International Association, Defendants.**

No. 81 C 337.

United States District Court,
E. D. New York.

Aug. 19, 1981.

Hall, Clifton & Schwartz, New York City (Burton J. Hall, New York City, of counsel), for plaintiffs.

Levin & Weissman, P. C., New York City (Roger M. Levin, New York City, of counsel), for defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Drywall Tapers and Pointers of Greater New York, Local 1974 of the International Brotherhood of Painters and Allied Trades (Local 1974) brought this action on its own behalf and on behalf of its members. The complaint alleges that defendant Local 530 of the Operative Plasterers and

Cement Masons International Association (Local 530) violated § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, by asserting jurisdiction over work awarded to Local 1974 by arbitration pursuant to agreements between the two Locals and their International Unions. Local 1974 seeks an injunction and damages, both to Local 1974 itself and the funds it controls, and to its individual members. By a Memorandum and Order dated May 26, 1981 and by an Order of June 12, 1981, this court confirmed a June 24, 1980 decision by the Executive Committee of the Building Trades Employers' Association (Executive Committee) awarding certain disputed drywall taping work to Local 1974, and preliminarily enjoined Local 530 from asserting jurisdiction over that work.

Local 1974 now moves pursuant to Federal Rule of Civil Procedure 23 for certification as representative of a class consisting of all persons who are or at any time since March 1, 1978 have been members of Local 1974. Local 530 objects, asserting that Local 1974 may not maintain the action as a class suit and is an inadequate representative of its members.

Federal Rule of Civil Procedure 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Local 530 objects to certification on the grounds that the class is inadequately defined or insufficiently numerous, that there are no common issues of law or fact, that the claims are not typical of those of the class, and that Local 1974 will not fairly and adequately protect the interests of the class. None of these has substance, but the court concludes that certification should be denied on other grounds.

The action is brought not by individual union members but by Local 1974 and two of its officers in their official capacities. Therefore, the court must decide whether the union is a class "member" within the meaning of Rule 23(a). If that Rule be read literally, a union is not a "member" of a class consisting of its own membership, and some courts have so held. *See, e. g., Wilhite v. South Central Bell Tel. & Tel. Co.*, 426 F.Supp. 61, 64–65 (E.D.La.1976); *Local Union No. 17 v. Mason & Hangar Co.*, 90 F.Supp. 539 (S.D.N.Y.1950), *aff'd*, 217 F.2d 687 (2d Cir. 1954), *cert. denied*, 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249 (1955); *see also Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78, 84 n.6 (S.D.N.Y.1973) (questioning whether union can be class representative).

On occasion an association has been allowed to maintain a class suit where "there is a compelling need to grant [an association] standing in order that the constitutional rights of persons not immediately before the court might be vindicated." *Norwalk CORE v. Norwalk Redevelopment Agency*, 395 F.2d 920, 937 (2d Cir. 1968). *But compare East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) (class certification inappropriate in a civil rights action where purported individual representatives were not members of the class). But generally where unions have sought to vindicate the economic interests of their members through class actions, individual union members have joined, with or without the union's participation as a named party. *See, e. g., Laskey v. International Union*, 638 F.2d 954 (6th Cir. 1981); *Reynolds v. National Football League*, 584 F.2d 280, 282 (8th Cir. 1978); *Bolden v. Pennsylvania State Police*, 578 F.2d 912 (3rd Cir. 1978); *Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78 (S.D.N.Y.1973).

Evidently the Rule's requirement that the representative be a "member" of the class stemmed from the principle that the representative must have a real stake in the outcome and fairly and adequately represent the class. *Smith v. Board of Educa-*

*tion,* 365 F.2d 770 (8th Cir. 1966) (Blackmun, J.). Of course, a union generally meets these requirements, and Local 1974 does here, at least as to its present members.

However, the Rule is specific in requiring that the representative be a "member" of the class, and it would be inappropriate for this court to stray beyond the plain wording, particularly since there is no apparent reason why proper individual class representatives of prior and present Local 1974 members could not have come forward. *See United Brotherhood of Carpenters & Joiners v. Woerfel Corp.,* 545 F.2d 1148, 1152 (8th Cir. 1976) (remanding for substitution of individual class representatives); *International Brotherhood of Electrical Workers v. New England Tel. & Tel. Co.,* 90 Lab.Cas. 26,886, 26,893 (D.Mass.1980) (same).

Local 1974's motion for class certification was apparently motivated by a concern that without certification the union would lack standing to press the individual members' claims for damages. Any association "has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). As *Warth v. Seldin,* 422 U.S. 490, 515–16, 95 S.Ct. 2197, 2213–14, 45 L.Ed.2d 343 (1975), stated "in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been" some form of prospective relief.

In using this language the Supreme Court plainly did not mean to rule on the standing of a labor union to bring suit on behalf of its members on a union contract. A labor union is not merely a voluntary membership association like the Rochester Home Builders Association discussed in the

*Warth* case. Rather, section 301(b) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(b) provides that, "[a]ny . . . labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States." The Supreme Court had earlier held that this section permitted a union to recover damages accruing to its members because of the breach of a contract made by the union. *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Hoosier Cardinal Corp.,* 383 U.S. 696, 699–700, 86 S.Ct. 1107, 1109–1110, 16 L.Ed.2d 192 (1966) (collective bargaining agreement); *see also Local 1219 v. United Brotherhood of Carpenters and Joiners,* 493 F.2d 93, 95–96 (1st Cir. 1974) (union constitution); *United Rubber, Cork, Linoleum and Plastic Workers of America v. Great American Industries, Inc.,* 479 F.Supp. 216, 225–26 (S.D.N.Y.1979) (collective bargaining agreement). Nothing in the *Warth* case suggests that it was intended to overrule the *Hoosier Cardinal Corp.* case.

The rule may well be different where a union seeks to enforce rights beyond those embodied in union contracts. In those instances the union may perhaps be considered in the same light as other associations. In such cases the union plainly may sue on behalf of its members for injunctive and declaratory relief. *See, e. g., Local Division No. 714 v. Greater Portland Transit District,* 589 F.2d 1, 9 (1st Cir. 1978) (alleging failure to abide by § 13(c) of the Urban Mass Transportation Act, 49 U.S.C. § 1609(c)); *International Woodworkers v. Georgia-Pacific Corp.,* 568 F.2d 64, 66–67 (8th Cir. 1977) (alleging racial discrimination). But certain courts have refused standing to a labor union to recover on behalf of their members for damages for breach of rights stemming from sources other than union contracts. *See, e. g., United Steelworkers v. University of Alabama,* 599 F.2d 56, 58–59 (5th Cir. 1979) (alleging dismissal of striking employees violated their Constitutional rights); *United Brotherhood of Carpenters and Joiners v. Woerfel Corp., supra,* 545 F.2d 1148, 1151–52 (8th

Cir. 1976) (Miller Act claim); *Local 194 v. Standard Brands, Inc.,* 540 F.2d 864 (7th Cir. 1976) (Title VII claim); *Boyce v. Rizzo,* 78 F.R.D. 698, 704–05 (E.D.Pa.1978) (alleging discriminatory termination).

In one of those cases, *United Brotherhood, etc. v. Woerfel Corp., supra,* it was apparently argued that § 301(b) gave standing to recover individual damages. The court held that the union could not press its members' wage claims against a general contractor and its surety under the Miller Act, 40 U.S.C. § 270a *et seq.,* absent a collective bargaining agreement with the general contractor, saying that § 301(b) "does not appoint the union as the general litigating agent of its members." *Id.* at 1151.

Here, of course, Local 1974 sues for breach of contracts it entered into with other labor organizations and designed to govern the assignment of work among the members of the signatory unions.

In opposing class certification Local 530 suggested that there might be former members of Local 1974 who are now members of Local 530 and thus have interests antagonistic to Local 1974. This raises the question of whether § 301(b) permits a union to sue for damages for both its former and its present members. The language of the section is in the present tense, permitting a labor organization to sue "in behalf of the employees whom it represents."

No reported case appears to have focused on this question. However, the statutory wording suggests that the union must be the representative of the employees at the time of suit. This court so holds.

In summary, Local 1974 may not act as a representative for its members, past or present, in a class action. It may collect individual damages for its present but not for its former members.

The motion for class certification is denied. So ordered.