**CONESTOGA PINES HOMEOWNERS'
ASSOCIATION, INC.,
Plaintiff-Appellee,**

v.

**Frank BLACK and Carolyn Black,
Defendants-Appellants.**

No. 83CA0764.

Colorado Court of Appeals,
Div. I.

Sept. 27, 1984.

Mosley, Wells & Spence, P.C., Morris B. Hoffman, Denver, for plaintiff-appellee.

C. Gerald Starbuck, Denver, for defendants-appellants.

ENOCH, Chief Judge.

Defendants, Frank and Carolyn Black, appeal from a judgment for a permanent injunction prohibiting them from keeping goats on their residential property in the Conestoga Pines South Subdivision. We affirm.

Plaintiff, Conestoga Pines Homeowner's Association, Inc., is a non-profit corporation whose voluntary members are homeowners in two adjacent subdivisions. The Association brought suit against defendants alleging that they were keeping goats, in violation of a restrictive covenant of the south subdivision.

## I.

On appeal, defendants first contend that the trial court erred in its determination that the Association's action was not barred by the clean hands doctrine. We disagree.

In *Jameson v. Foster*, 646 P.2d 955 (Colo.App.1982), we said that:

"The 'clean hands' rule is intended to protect the integrity of the court, and simply means that equity refuses to lend its aid to a party who has been guilty of unconscionable conduct in the subject matter in litigation."

Whether the rule is applicable to a party is a question of fact. *McCann v. Jackson*, 163 Colo. 163, 429 P.2d 265 (1967). Here, the evidence supports the trial court's findings that the Association's conduct was not unconscionable.

## II.

Defendants next contend that, because some of the Association's members reside in the north subdivision the Association lacked standing to enforce the covenants of the south subdivision. Additionally, they contend that the Association failed to prove that it is the assignee of the rights created by the covenants, or that the authority of the original developers had been assigned to it. We do not agree.

A voluntary membership association, such as this one, may have standing in one of two ways: By seeking judicial relief from injuries to its own rights (derivative capacity), or by seeking to vindicate whatever rights its members may enjoy (representative capacity). *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Here, the Association sought injunctive relief on behalf of its members in its representative capacity.

The United States Supreme Court has stated that,

"An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit."

*Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). The prerequisites to associational representative standing are present here. The covenants themselves expressly provide that goats are not to be kept on landowners' property in the southern subdivision. The covenants further provide that "each landowner shall have the right to prosecute for injunctive relief and for damages by any reason of any covenant violation." The Association's purpose, as enunciated in its bylaws, is to enforce the covenants and to take such actions as are necessary to protect the value and desirability of its members' property. Finally, the participation of any particular landowner, as an individual, was not necessary for the proper adjudication of this matter.

A plaintiff must be a resident of a subdivision to which a restrictive covenant applies in order to enforce the covenant against other residents of that subdivision. *Rooney v. Peoples Bank*, 32 Colo.App. 178, 513 P.2d 1077 (1973). Although the Associ-

ation here contains members with property in the northern subdivision, the Association is representing members of the southern subdivision, to which the restrictive covenant applies. Members of the southern subdivision voted to bring this action, and have supported it financially. Thus, the Association may properly enforce the covenant against residents of that subdivision.

The Association sought relief in a representative capacity. Therefore, we do not have to concern ourselves with whether there was an assignment from the developers enabling the Association to enforce the covenants on its own behalf.

Because this action was representative, no formal assignment of rights to the Association from its members was necessary. All that is required is some showing that the Association's actions properly represent its members' interests and that the test set out in *Hunt, supra,* is met. This was accomplished here.

### III.

■ Defendants next contend that the trial court erred in finding that they failed to establish that they obtained a variance permitting them to keep goats. We disagree.

The Association's Environmental Committee had authority to approve variances upon a vote of two-thirds of its members. The trial court found that one member of that committee acquiesced to the presence of goats in the subdivision. However, since defendants later submitted a request for a variance to the Association as a whole, which denied this request by an eight to three vote, the court concluded that defendants did not consider the informal acquiescence to be a variance. The evidence supports these findings, and thus, they are binding on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792, 797 (1979).

Defendants remaining contentions are without merit.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.