**DENVER CLASSROOM TEACHERS ASSOCIATION, Plaintiff-Appellant,**

v.

**DENVER SCHOOL DISTRICT NO. 1, Defendant-Appellee.**

**No. 85CA0514.**

Colorado Court of Appelas,
Div. IV.

Feb. 5, 1987.

Rehearing Denied March 12, 1987.

Certiorari Denied (School District)
June 8, 1987.

Hobbs/Bethke & Associates, Larry F. Hobbs, William P. Bethke, Denver, for plaintiff-appellant.

Semple & Jackson, Martin Semple, Dwight L. Pringle, Denver, for defendant-appellee.

SILVERSTEIN *, Judge.

The Denver Classroom Teachers Association (DCTA) brought this action against defendant, Denver School District No. 1 (the district), seeking declaratory and injunctive relief from certain practices of the district concerning the conditions of employment for substitute teachers which it alleged violated the Teacher Employment Dismissal and Tenure Act, §§ 22–63–101, et seq., C.R.S. (the Act). The district moved to dismiss the complaint on the ground that DCTA did not have standing to represent unnamed substitute teachers who were not parties to the action. The trial court dismissed the complaint, and DCTA appeals. We reverse.

We initially note that, for purposes of determining whether the dismissal for lack of standing was properly granted, the averments alleged in the complaint must be accepted as true. *State Board for Community Colleges v. Olson*, 687 P.2d 429 (Colo.1984).

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

The complaint states that DCTA is the recognized and exclusive bargaining agent for all teachers in the district, including "long-term" substitute teachers. The complaint avers that the district employs certain "long-term" substitute teachers for periods exceeding 89 days each school year but pays them at a rate less than that at which they would be paid on the district's regular teacher salary schedule, and refuses to accord these teachers the same rights, benefits, and conditions of employment enjoyed by regular teachers. These practices are alleged to violate §§ 22–63–102(8) and (9), C.R.S., which define "teacher" and "substitute teacher." Subsection 22–63–102(8) defined "substitute teacher" as an employee of the district for four or more hours each school day but for less than 90 regular school days during an academic year. *Cf.* § 22–63–102(8), C.R.S. (1986 Cum.Supp.), (definition of "substitute teacher" modified, but changes do not affect the issue presented in this appeal).

The complaint also alleges the district violated §§ 22–63–105 and 22–63–107(1), C.R.S., which require adoption of a salary schedule and mandate a written contract for the employment of all but part-time or substitute teachers.

The complaint further states that "long-term" substitute teachers are eligible for membership and have joined the DCTA, but the number and identity of such teachers change from school year to school year. The DCTA concluded with the prayer that these alleged practices of the district be declared illegal, and that substitute teachers retained in excess of 89 days receive the identical conditions and circumstances of employment as regular teachers under the Act.

The district court determined that the DCTA failed to allege any injury to itself and failed to present a controversy between the parties in that "no one who is a party to this action bringing this action ... is financially injured by what the school is doing." The DCTA argues on appeal that the court erred in determining it lacked representative capacity to enforce the rights of its members under the facts as alleged. We agree.

█ The prerequisites to associational representative standing are that: (a) substitute teachers who are members of the association would otherwise under the alleged facts have standing to sue in their own right; (b) the interests the association seeks to protect are germane to its purpose; and (c) neither the relief requested nor the claim asserted requires the participation of individual members. *See Conestoga Pines Homeowners' Ass'n v. Black,* 689 P.2d 1176 (Colo.App.1984). These prerequisites are satisfied here.

Substitute teachers who have been deprived of employment benefits under the provisions of the Act may seek redress and the district on appeal concedes as much. As the exclusive bargaining agent for its membership, the DCTA's interest in the terms and conditions of the employment of its constituents is germane to its purpose. *See Drywall Tapers & Pointers of Greater New York v. Local 530,* 91 F.R.D. 216 (E.D.N.Y.1981), *aff'd,* 742 F.2d 1432 (2d. Cir.1984). Finally, in this action for injunctive and declaratory relief no individualized proof requiring the participation of members as parties is required. *See Conestoga Pines Homeowners' Ass'n v. Black, supra.*

The judgment is reversed and the cause is remanded with directions to reinstate the complaint.

STERNBERG, J., and HODGES *, Justice, concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).