No. 19,783.

NELSON TAYLOR *v.* LESLIE D. TAYLOR.
(372 P. [2d] 449)

Decided June 18, 1962.

Mr. T. LEE WITCHER, Mr. ROGER M. BREYFOGLE, for plaintiff in error.

Mr. H. R. HARWARD, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

ONLY Leslie Taylor and Nelson Taylor have any interest in the matter now before this court. They appear here in the same order as they appeared in the trial court; we refer to them as Leslie and Nelson.

Leslie, in his complaint, sets forth two claims for relief.

1. That certain real property, the legal title thereof being in the name of Nelson, be declared as held in

trust for Leslie and Nelson, and that the same be partitioned and " * * * an accounting had of the stewardship of the defendant, Nelson * * * ."

2. That Nelson be compelled to account for certain timber which it is alleged he cut from the aforesaid real property.

Nelson, for answer to the first claim, denied that Leslie has or ever had any interest in said real property, and alleged that the same now is and, at all times since he took title thereto in 1932, has been the sole property of Nelson. He further alleged that the parties hereto in 1954 had a complete settlement of all of their business dealings, and that Nelson subsequent thereto has expended large sums of money in improving the lands involved, including $12,000.00 for the building of a new home thereon; that Leslie is estopped from now asserting title to said real estate, and that any claim that he may have had thereto is now barred by reason of his laches in asserting his alleged rights.

For answer to the second claim for relief, he generally denied all allegations with reference thereto.

Trial was to the court. The court entered findings of fact, conclusions of law and judgment in substance as follows: (1) the parties, as brothers, operated a joint cattle ranching operation from 1932 until 1954, and that the land involved was acquired by the parties in 1932 and each owns an equal interest therein; (2) that the parties agreed to wind up their cattle operations in 1954 and that settlement was made by Nelson for cattle counted, but that thirty-five head were not accounted for by Nelson, and that he should pay to Leslie one-half of the value thereof, $621.25.

The court rejected the defenses of equitable estoppel and laches and directed that the real estate be partitioned and Nelson be awarded that portion on which the new home is located, and that the cost or value of the home not be considered in assigning to each party his respective share of the real estate, and that Leslie

reimburse Nelson for one-half of the taxes paid on said real estate for the years 1932-1959, inclusive.

Nelson filed a motion seeking a new trial and in the alternative that the findings be amended dismissing Leslie's complaint. Leslie filed a motion to amend the findings so as to have an award of $1,225.00 for cattle unaccounted for, instead of the $621.25 award made in the findings. Nelson's motion was denied and Leslie's granted, and the findings amended and judgment entered in accordance with the findings as amended.

Nelson is here by writ of error and urges as grounds for reversal:

1. That his motion for dismissal of Leslie's complaint should have been sustained because of lack of proof.

2. Leslie's claim for relief should be denied because of laches in failing for nineteen years to assert the same.

3. That Leslie is not entitled to equitable relief because of his conduct in suggesting that title be taken in the name of Nelson because of an outstanding judgment against Leslie.

4. That there was no issue before the court concerning the cattle operations and that the award of $1,225.00 for cattle unaccounted for was never properly before the court.

As to the first ground urged for reversal, we find that the testimony of Nelson and Leslie is in sharp conflict. However, the conduct of the parties over a period of nearly twenty years and numerous documents admitted in evidence all point to the conclusion that not only the real estate in question was purchased by Nelson and Leslie for their joint use and ownership, but at the same time and as a part of the same transaction, and for a lump sum paid to the same person, cattle were purchased and jointly owned and operated until 1954, and both real estate and cattle were paid for out of their joint earnings.

The trial court made extensive findings and stated, among other things:

"That plaintiff Leslie D. Taylor, and defendant Nelson Taylor, are brothers who operated a joint cattle ranching operation for years in Fremont County, Colorado; that these parties together purchased certain livestock and real property from one Roderick J. MacKenzie in the fall of 1932, but that the bill of sale to the livestock and the deed to the real property showed the defendant Nelson Taylor as sole grantee so that he appears of record as the sole owner thereof, but that in fact he was acting on behalf of both parties; * * * .

"The Court further finds that the parties jointly obligated themselves on the purchase money chattel and real estate mortgages to secure payment of the balance remaining unpaid and that the funds used to purchase and to eventually pay for the livestock and the ranch property, known as the Texas Creek Ranch, were the joint funds of the parties mentioned, derived from loans secured by the parties and repaid by them, and from the joint cattle ranching operations conducted over the years; that during the years, plaintiff and defendant shared rents derived from the real property and proceeds derived from the sale of portions thereof as well as the proceeds from the sale of the livestock, * * * .

* * *

"With respect to the Texas Creek Ranch, it is clear from the evidence that defendant Nelson Taylor holds title in his own name but as constructive or resulting trustee for the benefit of plaintiff to the extent of a one-half interest therein. * * * . In addition to the testimony, which is conflicting in this case, the documentary evidence is clear and convincing to establish the equitable basis for plaintiff's claim against the defendant. When the MacKenzie cattle and ranch were purchased in 1932, the purchase money was secured by chattel mortgage on the cattle and on other cattle as well, including cattle owned by plaintiff. Plaintiff and defendant were the grantors in the chattel mortgage and both executed and acknowledged the instrument,

thereby becoming liable thereon. While defendant is the sole grantor in the mortgage deed on the real property involved, plaintiff also executed and acknowledged same. Subsequent mortgage deeds and chattel mortgages to secure the purchase money indebtedness were all executed by both parties, and repeatedly the chattel mortgages specified that the cattle were located upon or should be cared for on 'ranch of first parties,' Texas Creek Ranch in Fremont County. These instruments were executed by defendant, and acknowledged by him as well, year after year; his recognition and confirmation of the fact that plaintiff was in fact an owner of the Texas Creek Ranch as well as the cattle to be kept thereon is therefore made clear from the documentary evidence introduced on trial. * * * ."

■ The record before us affords ample proof of the foregoing findings of the trial court — in fact there is no proof to the contrary except the very equivocal statements of denial by Nelson. We find no merit in the contention of Nelson, that the record does not contain clear, strong, unequivocal and unmistakable evidence that Leslie had paid a portion of the purchase price of the real estate at the time title passed to Nelson.

■ As to the matter of laches, Nelson contends that the parties had an accounting in 1940 and that to have waited until 1959 to commence this action constituted laches.

We find nothing in the record to indicate that any accounting was had in 1940. In fact Nelson in his answer alleges that:

"* * * the accounts * * * were stated and agreed upon * * * in the early part of 1954 * * * ."

Thus the record discloses a delay of less than five years in filing suit.

In 19 Am. Jur. 344, §498, it is stated:

"The question as to whether the elements of laches have been established in any particular case is, of course,

one of fact and calls for the exercise of a sound discretion by the trial court."

In view of all of the facts presented by the record before us, we find no abuse of discretion of the trial court in holding:

"The equitable defenses of estoppel and laches raised by defendant's pleadings have not been established by the evidence. The reluctance of the plaintiff to institute legal proceedings against his older brother is readily understood and the delay in bringing such a matter to court after so many years of mutual trust and understanding was not undue or unreasonable in view of the defendant's repeated assurances that he would do something to correct the records so that plaintiff's interest in the ranch would be shown. * * *."

■ The third ground for reversal urged by Nelson, namely, that plaintiff's conduct precludes him from obtaining equitable relief, is without merit. This matter is not presented in the pleadings. The defendant alleged that he himself purchased the real estate in question and was at all times the sole owner thereof. So contending, he is not now in a position to urge that title was taken in his name alone for the unlawful purpose of placing the same beyond the reach of judgment creditors of Leslie.

Even if that were urged as a defense, it would be of no avail to Nelson.

In *Shores v. Shores,* 134 Colo. 319, 303 P. (2d) 689, a very similar situation was before the court, and it was there said:

"Plaintiffs are in no position to invoke the 'clean hands' maxim. Neither of them are creditors of defendant, and their rights have not been prejudiced by anything defendant did or did not do in connection with the subject property."

To the same effect, see *Bushner v. Bushner,* 134 Colo. 509, 307 P. (2d) 204.

■ Turning now to the fourth ground urged for re-

versal, wherein complaint is made of the fact that the court entered judgment for plaintiff for $1225.00, being the value of one-half interest in thirty-five head of jointly owned cattle which Leslie now claims Nelson did not account for in the 1954 settlement.

Nelson objected to any testimony concerning this item for the reason that there was no issue raised by the pleadings concerning cattle.

The complaint alleges that the parties operated as partners and as joint adventurers and as such acquired the real estate involved. Cattle are not mentioned, either in the complaint or in amendment thereto, and there is nothing in the pleadings to charge Nelson with failure to account for any such cattle.

Evidence was admitted concerning Nelson's alleged failure to account for all cattle in 1954. That evidence was improperly admitted over Nelson's objections. No request was made to amend the pleadings to conform to this proof. The judgment for $1225.00 is entirely foreign to the issues before the court and cannot be sustained.

The cause is remanded to the trial court with directions to delete from its judgment the award of $1225.00 in favor of Leslie and against Nelson. In all other respects the judgment is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE PRINGLE concur.