SNOW BASIN, LTD., Plaintiff–Appellant and Cross–Appellee,

v.

BOETTCHER & COMPANY, INC., Defendant–Appellee and Cross–Appellant.

No. 89CA0272.

Colorado Court of Appeals, Div. IV.

Sept. 27, 1990.

Rehearing Denied Nov. 1, 1990.

Certiorari Denied Feb. 25, 1991.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Bader & Villanueva, P.C., Jeffrey M. Villanueva and Ann L. Duckett, Denver, for plaintiff-appellant and cross-appellee.

Ireland, Stapleton, Pryor & Pascoe, P.C., James E. Nesland and Tucker K. Trautman, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge MARQUEZ.

Plaintiff, Snow Basin, Ltd., appeals from a $250,000 judgment entered in its favor following an advisory jury verdict on its claim for promissory estoppel. Defendant, Boettcher & Co., Inc., cross-appeals. We affirm in part and reverse in part.

On June 26, 1979, an agent of defendant's predecessor promised plaintiff that it would underwrite proposed industrial revenue bonds to help finance construction and improvements to plaintiff's ski area. Thereafter, plaintiff undertook construction and made the improvements to the ski area in reliance on defendant's promise. Ultimately, defendant failed to underwrite the industrial revenue bond offering. Plaintiff subsequently brought suit for, *inter alia*, breach of contract and promissory estoppel and demanded a trial by jury.

Prior to trial, defendant argued that the promissory estoppel claim should be tried by the court. The court indicated that it would impanel a jury to hear the entire case but that the jury would act only in an advisory capacity with respect to the promissory estoppel claim. At the close of plaintiff's evidence, the court directed a verdict for the defendant on the contract claim but retained the jury as an advisory jury pursuant to C.R.C.P. 39(c) for the promissory estoppel claim. Plaintiff does not appeal the dismissal of its contract claim.

The jury returned a special verdict finding that defendant made a promise to plaintiff to underwrite the bonds, that defendant reasonably expected that the promise would cause plaintiff to undertake construction of improvements on the ski area, that plaintiff reasonably and justifiably undertook such construction because of defendant's promise, that defendant breached its promise, and that plaintiff incurred $960,000 damages in reliance upon the promise. The court accepted most of the findings but ruled that the $960,000 award was not supported by the evidence. While it found that injustice can be avoided only by enforcement of the promise, the court also found that the remedy should be limited.

The court concluded that had the bonds been issued, plaintiff could have paid 12% interest on those bonds to finance the construction, as opposed to 16% interest that it had to pay without the bonds. Accordingly, the court awarded plaintiff $192,000 damages based upon the 4% interest rate differential, plus $58,000 "additional damages" to compensate plaintiff for its efforts in raising the extra funds and for the worsening of its financial situation.

I.

A.

Plaintiff claims that since it was entitled to a jury trial on the promissory estoppel

claim, the trial court should have treated the jury's verdict as a "regular verdict," and not merely as an advisory one. We disagree.

■ Trial by jury in civil actions is not a matter of constitutional right in Colorado. Instead, the right to a jury trial in a civil case is derived from C.R.C.P. 38. *Kaitz v. District Court*, 650 P.2d 553 (Colo.1982).

C.R.C.P. 38(a) provides:

"Upon demand, in actions for the recovery of specific real or personal property, with or without damages or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried by a jury. However, after demand a jury trial may be waived by stipulation of the parties."

■ Under this rule, the character of the action determines whether an issue of fact is to be tried to a court or to a jury. *Kaitz, supra; Setchell v. Dellacroce*, 169 Colo. 212, 454 P.2d 804 (1969).

■ In determining when a party is entitled to a jury trial, the original complaint fixes the nature of the suit, and if it joins or commingles legal and equitable claims, the court must determine whether the basic thrust of the action is equitable or legal in nature. *Citicorp Acceptance Co. v. Sittner*, 772 P.2d 655 (Colo.App.1989).

■ The determinative issue is the characterization of the nature of the relief sought. *Continental Title Co. v. District Court*, 645 P.2d 1310 (Colo.1982). If a party is seeking equitable relief such as an injunction or specific performance, then the character of the action is indisputably equitable and the plaintiff is not entitled to a jury trial. *See Motz v. Jammaron*, 676 P.2d 1211 (Colo. App.1983); *Gibson v. Angros*, 30 Colo. App. 95, 491 P.2d 87 (1971). Also, even though a plaintiff seeks the recovery of money damages, it is not entitled to a jury trial if the essence of the action is equitable in nature. *See Federal Lumber Co. v. Wheeler*, 643 P.2d 31 (Colo. 1981) (balance due on open account in mechanics' lien proceeding); *Cree v. Lewis*, 49 Colo. 186, 112 P. 326 (1910).

If a jury trial has been demanded, the trial of all issues so demanded shall be by jury unless "the court upon motion or of its own initiative finds that a right of trial by jury of *some* or all of these issues does not exist." C.R.C.P. 39(a) (emphasis added).

■ In all actions not triable by a jury under C.R.C.P. 38, C.R.C.P. 39(c) permits a jury to act in an advisory capacity upon motion or on the trial court's own initiative. *Mountain States Telephone & Telegraph Co. v. DiFede*, 780 P.2d 533 (Colo.1989).

■ Promissory estoppel is not one of the claims enumerated in C.R.C.P. 38(a) entitling a party to a jury trial. It is also true, as defendant contends, that promissory estoppel is an equitable doctrine. *Shoemaker v. Mountain States Telephone & Telegraph Co.*, 38 Colo. App. 321, 559 P.2d 721 (1976); *see Kiely v. St. Germain*, 670 P.2d 764 (Colo.1983); *Vigoda v. Denver Urban Renewal Authority*, 646 P.2d 900 (Colo.1982). Therefore, a plaintiff, even though it is seeking money damages, would not be entitled to a jury trial on a promissory estoppel claim alone. *See Kaitz, supra.*

Here, while plaintiff asserts that the basic thrust of its action, as reflected by its original complaint, is legal in nature, the promissory estoppel claim was the only claim that went to the jury. Under such circumstances, plaintiff would not be entitled to a jury trial on the promissory estoppel claim alone, and thus, the trial court could properly treat the jury's verdict as advisory only. *See Lloyd A. Fry Roofing Co. v. State*, 191 Colo. 463, 553 P.2d 800 (1976). The jury's findings in such advisory capacity do not constitute final or binding resolutions of disputed issues. Rather, the court remains the ultimate fact-finder and is required to make findings and conclusions in support of its judgment. *First National Bank v. Theos*, 794 P.2d 1055 (Colo. App.1990).

### B.

■ As to the damage award recommended by the jury, the trial court found that an award of $960,000, the amount of

plaintiff's expenditures on the improvements, was not supported by the evidence. The court concluded that plaintiff benefited from the improvements it made through higher revenues and a greater sales price for the ski area. It thus determined that the utilization of the interest differential formula was supported by the evidence. We agree, and since we find evidentiary support for the trial court's choice of interest rates, we reject plaintiff's challenge to that part of the damages award.

■ However, we agree with defendant that the trial court's award of $58,000 as additional damages was purely speculative and not supported by the evidence. We, therefore, reverse the trial court on this issue. *See Lee v. Durango Music*, 144 Colo. 270, 355 P.2d 1083 (1960); *Great West Food Packers, Inc. v. Longmont Foods Co.*, 636 P.2d 1331 (Colo.App.1981).

## II.

### A.

On cross-appeal, defendant claims that since the district court found that plaintiff would have constructed the improvements without regard to defendant's promise and that the improvements benefited plaintiff, the promissory estoppel claim should have been dismissed. Specifically, defendant maintains that plaintiff's claim lacked the requisite detrimental change of position. We disagree.

■ Certainly, before plaintiff may recover upon the theory of promissory estoppel, it must establish that it relied to its detriment on the promise of another. *See Kiely v. St. Germain, supra; Nicol v. Nelson*, 776 P.2d 1144 (Colo.App.1989).

■ Here, the court adopted the jury's determination and also separately found, on supporting evidence, that plaintiff incurred damages directly resulting from its reasonable and justifiable reliance upon the promises by defendant.

As for the improvements allegedly benefitting plaintiff through higher annual revenues at the ski area, such a conclusion does not preclude a finding of detrimental

reliance. If, as the trial court found, plaintiff had to pay a higher interest rate to acquire the funds used in the construction, then plaintiff's annual *net profit* from the ski area was not as great as it otherwise would have been. That is, even though *revenues* may have been higher because of the improvements, plaintiff's interest expense was also higher than it otherwise would have been, thereby reducing its overall net profit.

### B.

■ Defendant also argues that plaintiff is not entitled to its added interest expense for the entire period that it owned the ski area. It claims that any added interest cost is appropriate only until plaintiff's reliance ended, *i.e.*, on the date it would have constructed the improvements anyway. We reject this argument.

Although the court found that plaintiff would not have made the improvements in 1979 if defendant had not made its promises, it found that plaintiff would have eventually made these improvements with money it would have raised through other means. However, when plaintiff would have made the improvements and at what cost are purely speculative matters. Plaintiff is therefore entitled to any added interest costs for the entire period it owned the ski area.

### C.

■ Next, defendant urges that the trial court erred in not dismissing the case on the basis of laches. No reversible error is shown.

Laches is an equitable doctrine which may be applied to deny relief to a party whose unconscionable delay in enforcing his rights is prejudicial to the party against whom the claim is asserted. *Bacon v. Industrial Claim Appeals Office*, 746 P.2d 74 (Colo.App.1987). Whether laches has been established is a question of fact. *Taylor v. Taylor*, 150 Colo. 304, 372 P.2d 449 (1962).

The trial court found that defendant had failed to establish that the doctrine of lach-

es was applicable. This finding is in accord with the jury's special verdict, and inasmuch as it has evidentiary support in the record, we will not reverse it on appeal.

### D.

Defendant also claims error in the trial court's application of the "Dead Man's Statute," § 13–90–104, C.R.S. (1987 Repl. Vol. 6A). We find no error.

This statute is applicable only in an "action, suit, or proceeding by or against any surviving partner or joint contractor [of the deceased]...." Here, irrespective of defendant's legal status, i.e., corporation or partnership, at the time its agent made the promise to plaintiff, this action was ultimately brought by plaintiff against a corporate entity that was neither a surviving partner nor a joint contractor of the deceased individuals. Therefore, the statute is not applicable in this proceeding, and the testimony was admissible.

The judgment is affirmed with respect to defendant's liability for the $192,000 interest differential damages and is reversed as to the $58,000 additional damages.

METZGER and JONES, JJ., concur.