**WASHINGTON PLAZA ASSOCIATES,**
**Plaintiff–Appellant,**

v.

**The STATE of Colorado BOARD OF AS-**
**SESSMENT APPEALS, and The Board**
**of County Commissioners of Adams,**
**State of Colorado, Defendants–Appel-**
**lees.**

No. 80CA0096.

Colorado Court of Appeals,
Div. I.

Aug. 7, 1980.

Rehearing Denied Sept. 11, 1980.

Certiorari Denied Dec. 8, 1980.

Fuller & Evans, Clyde A. Faatz, Jr., David A. Burlage, Denver, for plaintiff–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Asst. Atty. Gen., Billy Shuman, Special Asst. Atty. Gen., Denver, for defendant–appellee The State of Colorado Bd. of Assessment Appeals.

S. Morris Lubow, County Atty., Christian M. Lind, Asst. County Atty., Brighton, for defendant–appellee Bd. of County Commissioners of Adams County.

COYTE, Judge.

Plaintiff, Washington Plaza Associates, appeals the order of the trial court which dismissed its complaint on the basis that plaintiff lacked standing to bring the present action. We affirm.

On June 28, 1978, plaintiff petitioned the County Commissioners for a rebate of taxes paid on its property for the year 1976, contending that the property was overvalued for that year. Plaintiff's petition was denied on July 16, 1978. Plaintiff then appealed this decision to the Board of Assessment Appeals, which also denied the refund. On November 3, 1978, plaintiff filed this action seeking judicial review of the Board of Assessment Appeals' decision.

The property in question was owned by Thornton Associates in 1975. On December 22, 1975, Thornton Associates executed a power of attorney appointing Commerce Mortgage Company its agent to manage the property. This power of attorney was recorded February 13, 1976. On July 1, 1977, Thornton quitclaimed its interest in the property to Commerce Mortgage Company and authorized Commerce to record a previously executed but undelivered warranty deed. On July 6, 1977, Commerce Mortgage Company paid Thornton $7500 as consideration for transfer of the property. The warranty deed was recorded on September 2, 1977.

Plaintiff purchased the property on December 1, 1977, from Commerce Mortgage

Company. By letter dated September 22, 1978, Commerce authorized plaintiff to prosecute the claim for refund of taxes assessed for the year 1976. However, Thornton owned the property at the time the 1976 assessment was made and the tax for 1976 was paid by the holder of Thornton's deed of trust. Commerce did not acquire title to the property until July 1, 1977, and the power of attorney was terminated when Thornton's interest in the property was conveyed on that date. Commerce conveyed its interest in the property on December 1, 1977, and, therefore, it had no interest in the property on September 22, 1978, when it authorized plaintiff to prosecute the claim for refund.

Plaintiff seeks to invoke the jurisdiction of the trial court under the provisions of § 24–4–106(4), C.R.S. 1973, which provides: "Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective."

 Plaintiff does not allege that it has been harmed in any way by assessment and collection of taxes at a time when it did not own the property. It does not show itself to be adversely affected or aggrieved by the action of the Board of Assessment Appeals in denying the claim. One who does not bear the financial burden of tax suffers no loss or injury and has no standing to seek a refund. *State ex rel. Szabo Food Services, Inc. v. Dickinson*, 286 So.2d 529 (Fla.1973).

As stated in *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977):

"The proper inquiry on standing is whether the plaintiff had suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions. If he has not, standing does not exist, and the case must be dismissed."

Here, plaintiff has alleged no economic or legal injury to its interest. Thus, the trial court properly dismissed plaintiff's complaint.

Judgment affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.