**TELLURIDE REGIONAL AIRPORT AUTHORITY, a municipal corporation, Plaintiff–Appellee and Cross–Appellant,**

v.

**BOARD OF EQUALIZATION OF the STATE of COLORADO, Defendant–Appellant and Cross–Appellee.**

No. 87CA1067.

Colorado Court of Appeals,
Div. IV.

Aug. 17, 1989.

Rehearing Denied Sept. 28, 1989.

Certiorari Denied March 12, 1990.

Myler, Stuller & Schwartz, Sandra M. Stuller, Aspen, for plaintiff-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Billy Shuman, Asst. Atty. Gen., Denver, for defendant-appellant and cross-appellee.

Opinion by Judge METZGER.

Defendant, Board of Equalization of the State of Colorado (the State Board), appeals the judgment vacating its decision which denied a tax exemption to real property leased by plaintiff, Telluride Regional Airport Authority (TRAA). Telluride cross-appeals the trial court's dismissal of

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

its 42 U.S.C. § 1983 (1982) action. We affirm.

TRAA was established by the Town of Telluride and the Board of County Commissioners of San Miguel County pursuant to the Public Airport Authority Act, §§ 41-3-101, et seq., C.R.S. (1984 Repl.Vol. 17). As such, TRAA is a political subdivision of the State of Colorado. Section 41-3-107, C.R.S. (1984 Repl.Vol. 17); *Denver Beechcraft, Inc. v. Board of Assessment Appeals*, 681 P.2d 945 (Colo.1984).

In 1984, TRAA assumed a lease agreement and option with Aldasoro Brothers, a general partnership, for a period of 50 years with a renegotiation provision for an additional 50 years "at the prevailing market." The agreement states that: "[At] the end of the said 50 year term ... TRAA shall have the right and option to purchase the said property ... at a value to be agreed upon between the parties or by independent appraisal.... [I]n valuing the said property, its highest and best use shall be considered as an airport facility, and the appraisal shall include the improvements."

The parties further agreed that: "TRAA shall pay when due all real and personal property taxes, special assessments, and other charges levied by any governmental entity against the property hereunder leased."

The San Miguel County assessor assessed the airport land for the 1986 tax year at $422,400 actual, $122,500 assessed valuation. The land is designated as "special purpose property" land, and, as such, it is the sole member of that subclass of commercial property on the assessor's tax roll.

In making this assessment, and in later denying all protests, the assessor found that the property was not exempt from taxation because the lease agreement and option between TRAA and Aldasoro failed to qualify for an exemption under § 39-3-101(1)(p), C.R.S. (1988 Cum.Supp.). That statute exempts from taxation real and personal property which is used by any political subdivision of the state, pursuant to the provisions of any installment sales agreement or lease-purchase agreement or any other agreement whereby the political subdivision shall be entitled to acquire title to the property at the end of the agreement term without cost or for only nominal consideration. Since the agreement does not entitle TRAA to acquire title without cost or for only nominal consideration, the assessor reasoned that the property should be subject to taxation, and denied the exemption.

TRAA, on its own and on Aldasoro Brothers' behalf, filed a petition and protest for abatement of taxes on the airport property and improvements. Pursuant to §§ 39-5-122(2), C.R.S. (1988 Cum.Supp.) and 39-5-122(3), C.R.S. (1982 Repl.Vol. 16B), TRAA appealed to the Board of County Commissioners of San Miguel County, sitting as the County Board of Equalization. After a hearing, the Board determined that the TRAA leasehold interest in the property was exempt. However, the Board found that Aldasoro Brothers held a presently taxable reversionary interest and directed the assessor to value this interest and assess taxes accordingly.

TRAA then appealed to the district court of San Miguel County pursuant to § 39-8-108(1), C.R.S. (1988 Cum.Supp.), contending that the County Board of Equalization had erred in taxing Aldasoro Brothers' reversionary interest. The court agreed with TRAA's contentions, and ordered the County Board of Equalization and assessor to cancel the assessment; it also enjoined taxation of Aldasoro Brothers' interest until the termination of the lease. This decision was not appealed.

In the meantime, in September 1986, the State Board issued a notice of hearing, pursuant to § 39-9-103(7), C.R.S. (1988 Cum.Supp.), to review the county's abstract of assessment that had been provided by the county assessor. Thereafter, determining that the property did not qualify for exemption because of the terms of the lease agreement, it ordered that an abstract change be made in the valuation of the special purpose property subclassification, by restoring the original assessed valuation.

TRAA brought a C.R.C.P. 106(a)(4) action in Denver district court challenging the jurisdiction of the State Board. TRAA argued, in essence, that since the appeal of the County Board of Equalization's determination of exemption was pending in the district court in San Miguel County, the State Board was precluded from acting on the issue. Further, it contended that the State Board's decision constituted, in reality, an assessment, which was forbidden by the constitution and statutes of the State of Colorado. It also included a claim for relief pursuant to 42 U.S.C. § 1983, arguing that the State Board "had deprived it of its rights under color of state law."

The district court determined that the State Board did not have jurisdiction to consider the exemption issue, and held that the exemption issue must be determined in the district court of San Miguel County, where the property was located. Consequently, it vacated the order of the State Board. Concluding that TRAA's 42 U.S.C. § 1983 action failed to state a claim for relief, it dismissed that claim. This appeal followed.

## I.

■ The State Board initially contends that the district court erred in determining that TRAA had standing to appeal its decision. The State Board argues that, since TRAA is a political subdivision of the state, it is not a "person" entitled to challenge the State Board's action. We disagree.

Section 39–9–108, C.R.S. (1988 Cum. Supp.) subjects decisions of the State Board to judicial review, and authorizes parties adversely affected or aggrieved, including taxpayers, to seek such review.

A statute must be read and considered as a whole in order to ascertain the General Assembly's intent in passing it. *People v. District Court*, 713 P.2d 918 (Colo.1986). And, if the language of a statute is plain and its meaning clear, it must be applied as written. *Haegney v. Schneider*, 677 P.2d 446 (Colo.App.1984). The one who bears the financial burden of a tax is a party aggrieved. *Washington Plaza Associates*

*v. Board of Assessment Appeals*, 44 Colo. App. 559, 620 P.2d 52 (1980).

Here, by the terms of its agreement with Aldasoro Brothers, TRAA bore the financial burden of the tax resulting from the Board's action. Therefore, under these circumstances, TRAA was a party aggrieved as defined by § 39–9–108, C.R.S. (1988 Cum.Supp.) and had standing to initiate this action.

## II.

The State Board next contends that it had jurisdiction to review and revise the determination of tax exemption by the County Board of Equalization, and that the district court erred in ruling otherwise. Under the circumstances here, we disagree.

The State Board contends that Colo. Const. art. X, § 15(1)(b), authorizes its actions. That constitutional subsection provides, in pertinent part:

"As may be prescribed by law, the state board of equalization shall review the valuations determined for assessment of taxes upon the various classes of real and personal property located in the several counties of the state and shall ... raise, lower, and adjust the same to the end that all valuations for assessment of taxes shall be just and equalized; except that said state board of equalization shall have no power of original assessment."

County boards of equalization are granted similar powers "as may be prescribed by law," for property in their respective counties, but their determinations are subject to review and revision by the State Board. Colo. Const. art. X, § 15(1)(a). Arguing that, since the property leased by TRAA is itself a subclass, the State Board asserts that its actions constituted merely an equalization of value within that subclass and, as such, were not only permissible but mandated.

The State Board also relies on several statutory provisions to bolster its position. Because § 39–9–106, C.R.S. (1982 Repl.Vol. 16B) grants the State Board the supervision of the administration of all laws concerning the valuation and assessment of taxable property and the levying of proper-

ty taxes, it contends that it has the right and duty to review exemptions. Additionally, § 39–9–103(7), C.R.S. (1988 Cum. Supp.) requires the State Board to review abstracts of assessment and provides that it may change the valuation for assessment of any class or subclass of property which was changed by a county board of equalization. These provisions, according to the State Board's argument, grant it the authority to supervise and modify valuations of classes and subclasses of property in the state so as to achieve the goals of just and uniform taxation as expressed in the Colorado Constitution.

TRAA, on the other hand, argues that the trial court was correct in determining that the State Board exceeded its jurisdiction here. It contends that the State Board's action was, in reality, the review of the determination of an exemption that had been granted by the County Board of Equalization. Since the issue of exemption, by definition, relates to an individual item of property, *State Board of Equalization v. American Airlines, Inc.*, 773 P.2d 1033 (Colo.1989), TRAA contends that the State Board's action constituted nothing more than a thinly disguised attempt at assessment, an act expressly forbidden by Colo. Const. art X, § 15(1)(b).

Moreover, TRAA argues, the trial court was correct in determining that the procedures established in §§ 39–5–122(2), C.R.S. (1988 Cum.Supp.); 39–5–122(3) C.R.S. (1982 Repl.Vol. 16B), and 39–8–108(1), C.R.S. (1988 Cum.Supp.) are the proper and exclusive procedures for resolving the issue of exemption and that, since the State Board's action was taken during the pendency of proceedings pursuant to those statutes, the State Board improperly interfered with an ongoing process.

Section 39–5–122(2), C.R.S. (1988 Cum. Supp.) authorizes a taxpayer who has been denied an exemption to file an objection and protest with the county assessor and seek a re-determination. If the assessor denies this objection and protest, an appeal to the County Board of Equalization constitutes the next step. Section 39–5–122(3), C.R.S. (1982 Repl.Vol. 16B). If the County Board of Equalization decides adversely to the taxpayer, he or she may (1) appeal to the board of assessment appeals; (2) appeal to the district court of the county where the property is located for a trial de novo; or (3) submit the case to arbitration. Section 39–8–108(1), C.R.S. (1988 Cum. Supp.)

TRAA selected the second option here and filed an action in the district court of San Miguel County. The court ruled in TRAA's favor and no appeal was taken from that decision. TRAA contends that, since these actions concerning resolution of the exemption questions resulted in a final judgment on the merits, and since that judgment was not appealed, the State Board's action exceeded its jurisdiction and is, thus, void.

In our view, the trial court was correct in determining that the State Board exceeded its authority in this case.

■ The State Board's jurisdiction is limited to statewide equalization of assessed valuation of classes or subclasses of property. *BQP Industries, Inc. v. State Board of Equalization*, 694 P.2d 337 (Colo.App. 1984). The State Board is specifically prohibited from having any power of original assessment. Colo. Const. art. X, § 15.

Assessment is the act of placing a value for tax purposes upon the property of a particular taxpayer. Equalization, on the other hand, is the act of raising or lowering the total valuation placed upon a class, or subclass, of property in the aggregate. Equalization deals with all the property of a class or subclass in a designated territorial limit, such as a county, without regard to who owns the individual parcels making up the class or subclass. In short, assessment relates to individual property; equalization relates to classes of property collectively. *Lamm v. Barber*, 192 Colo. 511, 565 P.2d 538 (1977). *See also State Board of Equalization v. American Airlines, Inc., supra.*

■ While the State Board has supervisory authority over all laws concerning the valuation and assessment of taxable property, *see* § 39–9–106, C.R.S. (1982

Repl.Vol. 16B), and also has authority to correct obvious errors, *see* § 39–9–104, C.R.S. (1988 Cum.Supp.), it has no specific authority concerning the issue of exemption. Thus, since an administrative agency may not exercise its authority unless authorized by statute to do so, *Denver v. Gibson,* 37 Colo.App. 130, 546 P.2d 974 (1975), the State Board's action, which exceeded the authority granted by the constitution or by statute, was invalid.

Furthermore, the record demonstrates that, contrary to its assertions that its actions constituted only an authorized review and correction of valuation for assessment, the State Board's actions here constituted a review of a determination of exemption. The notice of hearing issued by the State Board provided that: "It will review and consider action of the San Miguel County Board of Equalization regarding the order of the county assessor of July 31, 1986 which order declared that the airport site owned by the Aldasoro Brothers and leased by TRAA to be exempt from taxation and will determine whether this decision should be changed by the State Board of Equalization." Additionally, the chairman of the State Board during its hearing noted: "The way I see the issue is that we exercise jurisdiction over the decision of the County Board of Equalization, and that decision was a decision of exemption for taxation." Consequently, the State Board's action was, according to its own records, a determination of exemption, rather than a review and change of valuation.

For the foregoing reasons, we conclude that the district court was correct in determining that the State Board was precluded from acting as it did.

### III.

TRAA's contention on cross-appeal, that the trial court erred in dismissing its 42 U.S.C. § 1983 claim, is without merit. *Town of Ball v. Rapides Parish Police Jury,* 746 F.2d 1049 (5th Cir.1984).

Judgment affirmed.

TURSI and FISCHBACH, JJ., concur.