Sue HUGHEY, Petitioner–Appellant,

v.

**JEFFERSON COUNTY BOARD OF COMMISSIONERS,**
Respondent–Appellee,

and

**Colorado Board of Assessment Appeals, Appellee.**

No. 95CA0971.

Colorado Court of Appeals,
Div. V.

June 13, 1996.

Sue Hughey, Pro Se.

Frank J. Hutfless, Jefferson County Attorney, David Hughes, Special Assistant County Attorney, Golden, for Respondent–Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, for Appellee.

Opinion by Judge CASEBOLT.

In this property tax case, petitioner, Sue Hughey, appeals an order of the Board of Assessment Appeals which held that: 1) as the purchaser of a tax lien on a parcel of real property, she did not have standing to pursue an abatement petition prior to her receipt of a treasurer's deed; 2) she could not petition for an abatement because her claim was time-barred; and 3) the property tax assessment upon her property was valid. We affirm.

In 1988, Hughey purchased a tax lien on a parcel of property located in Jefferson County. Based on the property tax assessment at the time of the tax lien auction, Hughey believed the property to be a buildable, residential lot within a platted subdivision with a value for tax purposes of approximately $21,000. Pursuant to § 39–11–119, C.R.S. (1994 Repl.Vol. 16B), Hughey paid the property taxes on the parcel for the tax years 1987 through 1990.

In 1991, through her own investigation, Hughey determined that the parcel was unbuildable because of its physical characteristics and because it was designated in a subdivision plat as "open space." This fact significantly reduced the value of the parcel.

After this discovery, Hughey contacted the Jefferson County Treasurer's and Assessor's offices seeking information concerning abatement but was informed that, in order to obtain an abatement of the property taxes already paid, the *owner* of the property would have to petition for the abatement before the Jefferson County Board of Commissioners.

Thereafter, pursuant to § 39–11–120, C.R.S. (1994 Repl.Vol. 16B), Hughey applied for a treasurer's deed. She received the deed and became the record owner of the property in May 1993.

Hughey did not pay the property taxes assessed for 1991. As a result, a tax lien was sold to a third party at the 1992 tax lien auction. The new tax lien holder paid the property taxes on the parcel for tax years 1991 and 1992.

In 1994, the Jefferson County Assessor's Office issued a notice of determination to Hughey that the parcel's value had been adjusted for 1994. The new valuation was $700.

Hughey then filed an abatement petition in 1994 for the tax years 1987 through 1993. The Board of County Commissioners denied the abatement and Hughey appealed the decision to the Board of Assessment Appeals (BAA).

Granting Hughey's petition in part, the BAA determined that the parcel's value for 1992 was $3,700 and for 1993 was $3,300. It therefore ordered a refund for the tax year 1993 on the ground that Hughey was erroneously taxed for that year.

However, the BAA denied Hughey a refund for tax years 1987 through 1992 reasoning that, because she was not the owner of the parcel at the time, Hughey lacked standing to petition for the abatement. The BAA further held that Hughey was time-barred from receiving an abatement for the years 1987 through 1992 because her petition was not filed in a timely manner as required by § 39–10–114, C.R.S. (1994 Repl.Vol. 16B).

The BAA declined to address Hughey's argument that § 39–10–114 was unconstitutional, concluding that the claim was beyond its jurisdiction. This appeal followed.

## I.

Hughey first asserts that, as a tax lien purchaser, she had standing to petition for abatement for the tax years 1987 through 1992. We disagree.

Resolution of the standing issue presents two considerations: whether the complaining party has alleged an actual injury from the challenged action; and whether the injury is to a legally protected or cognizable interest as contemplated by statutory or constitutional provisions. *Utah Motel Associates v. Denver County Board of Commissioners,* 844 P.2d 1290 (Colo.App.1992).

A complaining party may satisfy the actual injury requirement by demonstrating that the challenged action has caused or threatened to cause economic injury. The injury must be direct and palpable. *O'Bryant v. Public Utilities Commission,* 778 P.2d 648 (Colo.1989).

Here, Hughey alleges that she has paid taxes assessed on the property for the years in question. Such allegations, admitted by the BAA, supply sufficient evidence of an economic injury to satisfy the requirement for an injury in fact.

A complaining party may show injury to a legally protected right by demonstrating that the harm allegedly suffered is protected by a statutory or constitutional provision, or by a judicially created rule of law that entitles the complaining party to some form of judicial relief. *See Board of County Commissioners v. Bowen/Edwards Associates, Inc.,* 830 P.2d 1045 (Colo.1992).

Generally, the one who bears the financial burden of a tax is a party aggrieved and thus has standing to challenge an assessment. A purchaser of real property has standing to seek abatement of taxes assessed in the year of the purchase. *Utah Motel Associates v. Denver County Board of Commissioners, supra.* And, a previous owner of property may authorize the new owner to seek abatement of previous property taxes incurred. *See Washington Plaza Associates v. Board of Assessment,* 44 Colo.App. 559, 620 P.2d 52 (1980).

When, by the terms of an agreement, a lessee bears the obligation to pay taxes upon the leased property, the lessee is likewise an aggrieved party. *Telluride Regional Airport Authority v. Board of Equalization,* 789 P.2d 201 (Colo.App.1989).

Section 39–10–114, C.R.S. (1994 Repl.Vol. 16B) states, in relevant part:

> [I]f taxes have been levied erroneously or illegally ... the treasurer shall report the amount thereof to the board of county commissioners, which shall proceed to abate such taxes in the manner provided by law. If such taxes have been collected by the treasurer, the board of county commissioners shall authorize refund of the same in the manner provided by law....
> [I]n no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed within two years after January 1 of the year following the year in which the taxes were levied....

Section 39–10–114, C.R.S. (1994 Repl.Vol. 16B), in conjunction with § 39–10–113, C.R.S. (1994 Repl.Vol. 16B), is one of two statutes that provide administrative remedies for taxpayers. Section 39–10–114 provides for abatement and refund for illegal or erroneous taxes *after* the taxpayer has paid the taxes. A companion statute, § 39–5–122, C.R.S. (1994 Repl.Vol. 16B), provides prospective relief to taxpayers who challenge a property tax valuation before they have paid the tax.

Nothing in § 39–10–114, however, states that the rights and obligations therein inure to tax lien purchasers. Rather, the panoply of rights and responsibilities of tax lien purchasers are delineated in §§ 39–11–101, et seq., and 39–12–101, et seq., C.R.S. (1994 Repl.Vol. 16B) and are not set forth in Article 10 of Title 39. *Dove Valley Business Park Associates, Ltd. v. Board of County Commissioners,* —— P.2d —— (Colo.App. No. 94CA1883, December 21, 1995). These rights of tax lien purchasers do not expressly

include the right to challenge property valuations for tax purposes. *See Tenney v. Board of Assessment Appeals,* 856 P.2d 89 (Colo. App.1993) (standing to protest erroneous valuation under § 39–5–122, C.R.S. (1994 Repl. Vol. 16B) lies with person who owns property; thus, upon purchase, the new owner has standing to protest assessor's valuation for the year in which purchaser became owner).

Moreover, Hughey did not bear the financial burden of paying the taxes because she was not legally obligated to do so. *See* § 39–11–119, C.R.S. (1994 Repl.Vol. 16B) (any person desiring to pay any subsequent taxes for which such person holds a tax certificate *may* do so). *See also Bennett v. Shotwell,* 118 Colo. 206, 194 P.2d 335 (1948) (payment of subsequent taxes is permissive, not mandatory).

Rather, Hughey voluntarily chose to purchase the tax lien at auction and voluntarily paid subsequent taxes. Nor is there any evidence in the record indicating that Hughey was legally obligated to pay the taxes under any kind of agreement with the previous owner of the property, or that any assignment of the right to seek abatement was given.

■ The owner of the property retains all of the rights and responsibilities of a property owner even after a tax lien on the property is purchased. *See Dove Valley Business Park Associates, Ltd. v. Board of County Commissioners, supra* (it is the property owner, only, who "pays the taxes" for the purposes of the statute governing tax refunds).

■ The tax lien purchaser has a security interest in the property, but his or her main entitlements are to the interest and the principal owed by the property owner. *See Notch Mountain Corp. v. Elliott,* 898 P.2d 550 (Colo.1995) (interest in tax lien certificate is not interest in the property); *Bean v. Westwood,* 101 Colo. 288, 73 P.2d 386 (1937) (purchaser of tax lien has right to protection of the money invested, but has no right to prevent redemption).

Only when a tax deed issues does the tax lien purchaser acquire all the right, title, interest, and estate of the former owner in and to the land conveyed. *See* § 39–11–136, C.R.S. (1994 Repl.Vol. 16B).

We therefore conclude that Hughey, as a tax lien purchaser, does not have a legally protected right to seek abatement and, thus, lacks standing here.

This interpretation is in accord with other provisions of the statutes governing property taxation. *See* § 39–5–102, C.R.S. (1994 Repl. Vol. 16B) (ownership of real property to be taxed shall be ascertained by assessor from records of the county clerk and recorder); § 39–5–121, C.R.S. (1994 Repl.Vol. 16B) (assessor to mail to each person whose land or improvements have been valued differently than in previous year a notice of adjustment; notice required to state that taxpayer may protest such adjustment); § 39–5–121.5, C.R.S. (1994 Repl.Vol. 16B) (at request of taxpayer or agent, assessor to make available all of the data used in determining actual value); § 39–5–122(2), C.R.S. (1994 Repl.Vol. 16B) (if any person believes that his or her property has been valued too high, he or she may object); § 39–5–129, C.R.S. (1994 Repl. Vol. 16B) (tax warrant shall recite the persons in whose names taxable property has been listed). *See also Tenney v. Board of Assessment Appeals, supra.*

Accordingly, we conclude that the BAA correctly determined that Hughey did not have standing to petition for an abatement for tax years 1987 through 1992.

## II.

Hughey next argues that § 39–10–114, C.R.S. (1994 Repl.Vol. 16B) is unconstitutional because: a) it deprives her of due process and equal protection of the laws; b) it is unconstitutionally retrospective in operation; and c) it amounts to an uncompensated taking of private property for a public purpose.

Because Hughey was not the owner of the property and because she therefore lacks standing to seek abatement, we conclude that she likewise lacks standing to assert these constitutional claims. Consequently, we need not address them. *See Ad Hoc Executive Committee v. Runyan,* 716 P.2d 465 (Colo.1986).

### III.

Next, Hughey contends that the valuation of the parcel throughout the appropriate time she was a lienholder and owner was arbitrary and contrary to the statutory scheme. We disagree.

First, because Hughey does not have standing to contest the valuation for the years 1987 through 1992 and she does not contest the valuation for any years after 1993, we will limit our review to the 1993 valuation.

It is the administrative agency, not a reviewing court, that has the task of weighing the evidence and resolving any conflicts therein. And, a reviewing court may not set aside a decision by the BAA unless it is unsupported by any competent evidence. *Board of Assessment Appeals v. Arlberg Club*, 762 P.2d 146 (Colo.1988).

However, a decision of the BAA may be set aside if it reflects a failure to abide by the statutory scheme for calculating property tax assessments. *City & County of Denver v. Board of Assessment Appeals*, 848 P.2d 355 (Colo.1993).

Section 39–1–103(5)(a), C.R.S. (1995 Cum. Supp.) requires the assessor to determine actual value. It further directs that the value shall be determined by appropriate consideration of the cost approach, the market approach, and the income approach to appraisal.

Section 39–1–103(5)(b), C.R.S. (1994 Repl. Vol. 16B) further provides, however:

> If, having considered the three approaches prescribed in paragraph (a) of this subsection (5), at the sole discretion of the assessor the use of the three approaches to value cannot accurately determine the actual value of any parcel of taxable property, or in the opinion of the assessor the application of the three approaches to value does not result in uniform, just, and equalized valuation, then the actual value thereof shall be determined by comparison of the surface use of such property with a similar surface use.

Here, as a result of Hughey's abatement hearing before the Board of Commissioners, the assessor reviewed the valuation again, and determined new values for the land for 1992 and 1993. The valuation of the parcel for 1993 was $3,320.

The BAA accepted the assessor's 1993 valuation of the parcel. The record reflects that this valuation was based upon the assessor's formulation of an open space acquisition rate determined from a sales average of unbuildable land located in Jefferson County. Because the cost, market, and income approaches could not be used to determine the actual value of the property, the assessor appropriately employed this method. Because there is record support for this determination, it is binding upon us.

### IV.

Hughey has also asked us to determine that the current purchaser of the tax lien on the subject parcel is entitled to an abatement. However, Hughey does not have standing to request relief for injuries to another. Sections 39–10–113 and 114, C.R.S. (1994 Repl.Vol. 16B); *O'Bryant v. Public Utilities Commission, supra.*

The order of the BAA is affirmed.

RULAND and ROY, JJ., concur.