**Harvey SENDER, as Trustee for Hedged Investments Associates, Plaintiff–Appellant,**

v.

**KIDDER PEABODY & CO., INC., a Delaware corporation; Morgan Stanley & Co., Inc., a Delaware corporation; and Prudential Securities, Inc., f/k/a Prudential–Bache, Inc., Defendants–Appellees.**

No. 95CA2129.

Colorado Court of Appeals, Div. V.

July 10, 1997.

Rehearing Denied Sept. 4, 1997.

Certiorari Denied Feb. 23, 1998.

Feder, Morris, Tamblyn & Goldstein, P.C., Stephen B. Schuyler, Denver, for Plaintiff–Appellant.

Gibson, Dunn & Crutcher, David G. Palmer, Josiah O. Hatch, III, Denver, for Defendant–Appellee Kidder Peabody & Co., Inc.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., David W. Stark, Patricia C. Campbell, Denver, for Defendant–Appellee Morgan Stanley & Co., Inc.

Howard, Darby & Levin, Jack P. Levin, David W. Haller, Kevin A. Fisher, New York City, for Defendant–Appellee Morgan Stanley & Co.

Baker & Hostetler, Cassandra G. Sasso, Raymond L. Gifford, Denver, for Defendant–Appellee Prudential Securities, Inc., f/k/a Prudential–Bache, Inc.

Opinion by Judge TAUBMAN.

In this action, plaintiff, Harvey Sender, as bankruptcy trustee for Hedged Investments Associates, Inc. (HIA, Inc.); and Hedged Investments Associates, L.P.; Hedged Securities Associates II, L.P.; and Hedged Securities Associates, L.P. (the limited partnerships) (collectively the Hedged entities), asserted a claim of aiding and abetting the breach of a fiduciary duty against defendants, Kidder Peabody & Co. (KP), Morgan Stanley & Co., and Prudential Securities, Inc., and claims of negligence and breach of fiduciary duty against KP. Premised on grounds of *in pari delicto* and lack of standing, the trial court entered summary judgment in favor of defendants. Sender appeals that judgment. He also appeals a court order denying his motion to compel arbitration as to certain claims. We affirm the trial court.

The limited partnerships, with HIA, Inc. as its general partner, perpetrated an elaborate fraudulent Ponzi scheme in which more than 1,600 limited partner investors lost hundreds of millions of dollars. Although the investors purportedly purchased limited partnership interests in the partnerships and were promised a high rate of return on their investments, fictitious gains were reported and the investors were paid with money obtained from new investors. James D. Donahue was the principal of the Hedged entities. HIA, Inc. used the defendant brokerage firms to execute trades as part of the scheme.

The Ponzi scheme ultimately collapsed and HIA, Inc. filed a voluntary petition under Chapter 11 of the bankruptcy code which was converted to a liquidation proceeding under Chapter 7 of the code. When Sender was appointed the trustee in bankruptcy, he filed involuntary Chapter 7 petitions against the partnerships and the actions were consolidated.

Sender brought this action alleging that defendants had aided and abetted Donahue

in breaching his fiduciary duties to the Hedged entities, and that KP had been negligent and had breached its fiduciary duties. He also sought a declaratory judgment to determine which defendants were bound by arbitration agreements between HIA, Inc. and defendants, and enforcement of the arbitration agreements.

In separate litigation brought as a class action on behalf of most of the limited partners, a settlement was reached against these same defendants for approximately $50 million. A few additional limited partners are pursuing claims against these same defendants in federal court.

I.

Sender contends that the trial court erred in granting summary judgment in favor of defendants on the ground that he lacked standing to pursue the claims against defendants. We disagree.

■ Resolution of a standing issue presents two considerations: whether the complaining party has alleged an actual injury from the challenged action; and whether the injury is to a legally protected or cognizable interest as contemplated by statutory or constitutional provisions. *Hughey v. Jefferson County Board of Commissioners*, 921 P.2d 76 (Colo.App.1996).

■ A bankruptcy trustee cannot assert the claims of creditors or third parties but stands in the shoes of the debtor and may properly assert claims belonging to the debtor. *See Sender v. Simon*, 84 F.3d 1299 (10th Cir.1996) (to satisfy requirements of 11 U.S.C. § 541 (1994), claims asserted by trustee must belong to debtor entity itself, not debtor's creditors individually); *Miller v. Accelerated Bureau of Collections, Inc.*, 932 P.2d 824 (Colo.App.1996) (under 11 U.S.C. § 541(a)(1) (1994), when debtor files voluntary petition in bankruptcy and trustee appointed, debtor's claims become property of bankruptcy estate).

■ Here, Sender's amended complaint alleged that the Hedged entities had suffered substantial economic losses as a result of defendants' alleged wrongdoings. However, even if we assume that there are limited partners who have suffered economic losses notwithstanding the separate litigation noted above, we conclude that Sender lacks standing under the second prong of the standing test.

■ A complaining party may show injury to a legally protected right by demonstrating that the harm allegedly suffered is protected by a statutory or constitutional provision, or by a judicially created rule of law that entitles the complaining party to some form of judicial relief. *Hughey v. Jefferson County Board of Commissioners, supra.*

Here, Sender does not dispute that the losses allegedly suffered by the Hedged entities were of funds obtained through a fraudulent Ponzi scheme orchestrated by Donahue and the limited partnerships. Indeed, he alleged in his amended complaint and concedes in his brief on appeal that Donahue operated a scheme in which investments and alleged earnings of earlier investors were repaid with the funds of later investors.

Similarly, in its summary judgment ruling, the trial court found that: "[T]his case arises from an elaborate and long-lived fraudulent investment scheme perpetrated by James Donahue and his wholly owned corporation, Hedged–Investments Associates, Inc." It further found that:

Based on the undisputed facts, the Court concludes as a matter of law that Hedged Corp. and the limited partnerships were themselves wrongdoers in the transactions which give rise to the claims against these defendants. The undisputed facts establish that James Donahue was the sole shareholder and president of Hedged Corp. which was the managing general partner of the limited partnerships.... In reality, the limited partnerships, although formally existing, had no functional existence outside of Donahue.... Under these circumstances, the wrongful acts of Donahue were the acts of the limited partnerships and vice versa.

In spite of these admissions and undisputed facts, Sender asserts he has standing to pursue his claims against defendants. We disagree.

Several courts, using standing tests similar to ours, have held that a bankruptcy trustee does not have standing to pursue claims against a third party for injury to the debtor when the debtor has joined with the third party in defrauding its creditors. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir.1995) (because of debtor's collaboration with its accounting firm in Ponzi scheme to defraud investors, trustee for debtor limited partnership lacked standing to assert malpractice claims against firm); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir.1991) (bankruptcy trustee lacked standing to bring claim against third party for defrauding corporation with cooperation of management; such claim belongs to creditors, not guilty corporation); *Grove v. Sutliffe*, 916 S.W.2d 825 (Mo.App.1995) (when corporate officer's fraud intended to and did benefit corporation to detriment of outsiders, fraud imputed to corporation and is absolute defense to corporation's action against its accounting firm for negligent failure to discover fraud). *See also In re Mediators, Inc.*, 105 F.3d 822 (2d Cir.1997) (when debtor, through its sole shareholder, participated in transactions that form basis of aiding and abetting breach of fiduciary duty claim against third parties, creditors' committee, standing in position analogous to that of bankruptcy trustee, did not have standing to assert such claim on debtor's behalf).

These decisions are based on the principle, applied by the trial court here, that when a participant in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct, the parties are deemed *in pari delicto*, and the law will aid neither, but rather, will leave them where it finds them. *Bushner v. Bushner*, 134 Colo. 509, 307 P.2d 204 (1957); *Abernethy v. Wright*, 27 Colo.App. 239, 148 P. 277 (1915). *See Black's Law Dictionary* 711 (rev. 5th ed. 1979) (*in pari delicto* defined as "in equal fault" or "equally culpable or criminal"). *See also Apostolou v. Fisher*, 188 B.R. 958 (N.D.Ill.1995) (since debtor corporation did not sustain injury as victim of fraud but was injured only because it participated *in pari delicto* in fraudulent scheme, corporation's trustee could not recover against third party for damage to creditors).

■ Although the doctrine of *in pari delicto* is usually applied as a defense on the merits, we conclude that it is appropriately raised with respect to the second prong of the standing test when, as here, the allegations of the amended complaint and the undisputed facts presented on summary judgment demonstrate that all the parties are participants in an illegal act. Accordingly, we follow the reasoning of the cases noted above. Thus, because the Hedged entities obtained the money they now seek to recover through fraudulent means, we conclude that Sender, standing in their shoes, cannot show an injury to a legally protected right.

Accordingly, the trial court did not err in granting summary judgment for defendants on the ground that Sender lacked standing.

## II.

Sender also contends that the trial court erred in denying his motion to compel arbitration. We disagree.

Sender's fourth claim for relief sought a declaratory judgment as to which defendants, if any, were bound by an arbitration agreement between HIA, Inc. and defendants. His fifth claim for relief was a demand for arbitration *if* the trial court determined that the arbitration agreement was binding on any of the defendants.

We need not address the merits of Sender's contention because, for the reasons stated above, we conclude that Sender does not have standing to assert the claims concerning arbitration. Further, Sender seeks to arbitrate the very claims which we have determined he lacks standing to assert. Thus, reversal on this ground is not required. *See Western Colorado Congress v. Umetco Minerals Corp.*, 919 P.2d 887 (Colo.App.1996) (appellate court may affirm on grounds different from the trial court).

The judgment is affirmed.

METZGER and RULAND, JJ., concur.